The opinion of the Court was afterwards delivered by
Parsons, C. J.
[After stating the facts agreed in the case.] The plaintiffs claim the property on two grounds — That the consignees, while the goods were in transitu, disagreed to the consignment, to *122 which, as they were insolvent, the assent of the consignors must be presumed. And if this ground should fail, that the goods were assigned to Bourne in trust for the consignors bona fide, and for a valuable consideration.
As to the first ground, it is our opinion that an insolvent consignee may, before he receive the goods, disagree to the consign ment, and that the assent of the consignor shall be presumed, unless in a reasonable time he declare his dissent, or neglect to give notice of his assent. That he may avail himself of this disagreement, the consignee ought to give seasonable notice thereof, and he must within a reasonable time declare his intention. For if, after notice, he is silent, his assent shall no longer be presumed. If the goods arrive here before the consignor can have notice that the consignee has disagreed to the shipment, any person, at the request of the consignee, may receive and take care of them, until the consignor has notice ; and an intermediate attachment shall not defeat his right. For the insolvent consignee having refused to receive them, the goods are in transitu, and may be seized by the consignor while they continue in transitu. And on his giving notice of his assent, within a reasonable time, to the disagreement of the consignee, the contract is rescinded ab initia, and nothing ever passed by it to the consignee (a).
If these principles applied to the present transaction, the plaintiffs must have judgment. But this case is different. The consignees undertake here to assign the goods, and authorize a sale thereof for the use of the consignor. This assignment is not a dis- [ * 163 ] agreement, but *an affirmance of the contract; and we cannot presume that the consignor would consent to the appointment of a factor, with power to receive and sell. The authority of the factor is derived from the consignee, and necessarily supposes an interest in the goods.
In our opinion the plaintiffs cannot support this action upon the ground that they had never parted with their property by the supposed disagreement of the consignees.
As to the second ground, that Bourne lawfully held the goods in ■.rust for the plaintiffs, this must also fail them.
For if Bourne took any thing by the assignment, he had the egal estate in the goods, and was trustee for the plaintiffs of the moneys received upon the sale. But a conveyance of an inr.ol ent debtor of goods, in trust to pay the debts of a creditor withr ut his assent, will not defeat an attachment made- before the nssen-. f <u *123 the goods still remain the property of the debtor, and as such are liable to attachment (a).
This point was fully considered in the case of Widgery & al. vs. Haskell (8) at this term, and it was our opinion that an assignment of estate by an insolvent debtor, in trust for certain of his creditors, made by a conveyance to which they were not assenting nor parties, is void as to creditors. This opinion was founded on the principles of our attachment laws, and the want of an equitable jurisdiction having cognizance of trusts.
Whether the defendant attached these goods immediately by being on board the ship and demanding them, when he did not gain the actual possession and custody of them, it is not material now to decide ; as he had in fact the actual possession and custody of them under his writ, when they were replevied.
But, as matter of practice, we have considered this point. And we are all of opinion, that to constitute an attachment of goods, the officer must have the actual possession and custody. This results from the legal import of the word; and in this sense is it now to be * understood. There certainly ought to be [*164 ] the same possession and custody on attachment, as on seizure by execution; otherwise an officer attaching would not be obliged by law to seize on execution because he had attached. But goods seized on execution must be sold at the expiration of four days after seizure, and the officer cannot sell, unless he can deliver the goods to the purchaser (b).
The plaintiffs having failed to support their property in the goods at the time of the replevin, the verdict must be set aside, and a verdict with one dollar damages be entered for the defendant.

 Scholfield vs. Bell, 14 Mass 10

а) See contra, Brooks vs. Marbury, 11 Wheat. 97. Marbury vs. Brooks, 7 Wheaton, 556. Halsey vs. Whitney, 4 Mason, 206. The consent of the consignor, under the circumstances, it would have been but reasonable to presume, unless it could be presumed that he would rather lose his debt than accept the conveyance.

 See the last preceding case.

 Train vs. Wellington, 12 Mass. 495. — Phillips vs. Bridge, 11 Mass. 242. — Lyman vs. Lyman, ib. 317. — Knapp vs. Sprague, 9 Mass 258. — Vinton vs. Bradford, 13 Mass. 114