The opinion of the Court was delivered by
CoLCOCK, J.
The Act of 1185[1] declares, that “it shall be lawful for any justice of the peace, upon complaint made on oath, that his debtor is removing out of the county privately, or absconds and conceals himself, so that the ordinary process of law cannot be served on him, to grant an attachment against the estate of such debtor, or so much thereof, as may be necessary to satisfy the debt and costs of such process;” “ and that it shall be lawful for the sheriff to serve and levy the same upon the slaves, *o¿q-¡ goods and chattels of the *party absconding, wheresoever the J same shall be found ; or in the hands of any person or persons indebted to, or having any effects of, the person absconding, and to summon such person,” &c., “ Provided, That all attachments shall be reple-viable by an appearance and putting in special bail, if so ordered by the Court, or giving bond, with good security, to the sheriff.” And the next clause makes the sheriff liable, if defendant does not appear when ruled, and the securities adjudged insufficient. And by the seventh clause, it is declared, that if the goods and effects so attached, shall not be replevied as aforesaid, then they shall be sold, &e. ; and the same clause goes on to declare, that where the attachment shall be returned, served in the hands of a third person, upon his appearance and examination, judgment shall pass against him for such moneys as he may owe the absent debtor, or such effects as may be in the hands and keeping of such third person. 1 Brov. Dig. 40-1. P. L. 368.
Upon a view of the whole context of the law, as well as a reference to the particular expressions of certain parts, there can remain no doubt but that the sheriff is authorized to take the property of the absent debtor, wherever the same may be found.
In the first place, the Act declares, that the attachment shall issue against the estate. The words embrace all the debtor’s property, and manifestly show the object on which the process is to operate ; “ to serve and levy the same.” What is the meaning of the word levy ? How does a sheriff levy an execution ? By taking possession of the goods. Even where he cannot immediately remove them, the levy vests the property in him. If it is absolutely in him, why should he not remove it ? And this process is in this regard analogous to an execution. 2 Bay, 272. Stephen v. Thayer, (5 Mass. 157.)
Again, the Act speaks of the property being replevied Does not this imply a possession in the sheriff ? The replevy is made either by entering *250] special bail, *or giving bond to the sheriff; and the sheriff is liable for the sufficiency of such security. He ought, of course to be in the possession of the goods ; for where a sufficiency has not been found to pay the debtor, the correct amount in which the bond should be taken, cannot be ascertained without knowing the value of the goods attached.
Until the present occasion, I never heard it doubted, that the sheriff by an attachment, could take the property of the absent debtor out of the hands of any mere occupant.
In this, as in every other case, he must take care not to take the property of another. If the person in possession claim the goods, he may apply to the Court to obtain the possession. If the evidence of right be *523 conclusive and satisfactory, the Court will order the property to be delivered, as in the case of Schepler v. Garriscan, (2 Bay, 224.) Here the consignee had a lien on the goods and ship, and the captain was part owner. The Court, of course, did not hesitate to cause a redelivery of the property, holding the right of the plaintiff over them as garnishees, but did not deny the right of the sheriff to take possession.
It is asked, why are those in possession sometimes called upon to declare what they have in possession ? The answer is obvious; they may have in their possession moneys, debts, and even goods, which a sheriff cannot come at. Is it reasonable to say, because there may be some which he cannot take, that therefore he shall not take that which he can come at ? The attachment operates upon all the estate; and in order to discover that estate, those who are supposed to be in the possession of any part of it, or to be indebted to the absent doctor, are called on to declare on oath what they may have, or what they may owe. Where a claim is made by the person in possession, and is opposed, the matter is referred to a jury, under the provisions of the first attachment Act.
What would be the result of the construction contended for by the defendant ? The goods are to be *left in the hands of the occupant of the house where they are found. Suppose such person *- should the next day follow the debtor, or suppose he be an insolvent person, and secrete the goods, what becomes of the security given to the plaintiff? Would it not be a mockery in the law to say to a creditor, you may attach the goods of your debtor, if he absconds or goes out of the State ; but you must not take them out of the hands of his friends, when these friends may be employed for the purpose of evading the law. Here there was not only no evidence offered to show a right or claim to the goods, but an affidavit was produced, to show that when the sheriff levied on the goods, there was not even the pretence of a claim, except by the wife. The motion is dismissed.
Bat, Nott, JOHNSON, and Huger, JJ., concurred.
See 1 Rich. 94, 441; Act of 1844, 11 Stat. 290; Act of 1839, 11 Stat. 18, § 18.

 7 Stat. 213.