Parker, C. J.
The plaintiff, having been in the store, within view of the goods, and with the power to remove them, must be considered as having attached them; he having a writ for that purpose, and declaring his intention, but suspending the [ * 422 ] removal of them for the convenience *of the debtor. In this situation, the delivery of the key to him by the clerk, was the same as if it had been delivered by the debtor himself; for, in his absence, the acts of the clerk for the benefit of the master, ought to be construed the acts of the latter.
When the defendant took possession of the goods, they were already in the custody of the law; and although no keeper was placed over them, yet the possession of the first attaching officer could not be lawfully disturbed by any one knowing that an attach ment had taken place.
If negligence, or a voluntary abandonment of the attachment, had appeared, the case would be different. But the goods were locked up on Saturday night, and, for aught appearing, the plaintiff would have taken them.into his actual possession early on Monday morning; but was prevented by the act of the defendant. This act, although, perhaps, justifiable without knowledge of what had been before done, could not be so with the knowledge, which the agent of the plaintiff in the second action had cf the past pro-lead in gs.
The case shows collusion between the debtor and the second *349 attaching creditor, to defeat the first attachment; and, although fraud has not been directly found by the jury, they have found facts which render the inference of fraud necessary. The defendant could not have entered the store without the assistance of the debtor; and some of the goods had been removed from the store, he knowing of the attachment. Upon the whole case, we think the verdict is well maintained by the evidence (1).

Judgment on the verdict

 [Vide Bagley vs. White, 4 Pick. 395. —Ed.]