ZIBA HUNTINGTON *vs.* JOSHUA BLAISDELL *et al.*

To constitute a valid attachment of personal property, the officer must have all the articles within his power.

But he need not touch all the articles, if he have the power to touch and control all, and is engaged in making the seizure of all. In addition to this, he must proceed to inventory all the articles soon as, under the circumstances, is practicable; and then remove or leave them in the actual custody of some agent.

THIS was trespass *de bonis asportatis* for a quantity of household furniture. The defendants pleaded 1st, not guilty; and 2dly, that *Blaisdell*, as a deputy sheriff, and the other defendants, as his assistants, took and removed the furniture as the property of one *Luther Delano,* against whom *Blaisdell* had a writ of attachment in favor of *Josiah Barnes.* The plaintiff joined the general issue, and to the special plea replied, that the title to the furniture at the time of the removal was in him and not in *Delano.*

On the trial here in November, A.D. 1819, it appeared in evidence, that both of the principal parties in this case were deputy sheriffs; that on the day of the alleged trespass, each having precepts against *Delano,* rode with considerable speed towards his house; that the plaintiff first obtained admission into it, and then gave notice that he attached all the furniture therein; that he immediately laid his hands on some of it, and proceeded to make out an inventory of the whole; that while thus engaged, not having locked the doors of the house, *Blaisdell* entered, and before *Huntington* had reached a chamber where was the property named in the writ, proceeded to take and remove from that chamber by virtue of the precepts in his possession, all the articles described.

There was some evidence, however, that one bed was taken by *Blaisdell* from a different apartment, and the fact as to which person first entered the chamber being questioned, it was submitted to the jury and found for the defendants.

A general verdict was then, by consent, taken for the plaintiff for the value of the furniture, subject to future consideration.

*Bell,* counsel for the plaintiff.

*Noyes* and *Blaisdell,* for the defendants.

WOODBURY, J. If a sheriff makes a valid attachment of property, he certainly acquires such an interest in it as to be able to maintain trespass against one who removes it from his possession. 1 *N. H. Rep.* 289, *Poole vs. Symonds.*

In this case, then, the only difficulty is to determine whether *Huntington*, at the time when this property was removed by the defendants, had made such an attachment of it. To constitute a valid attachment it is contended, that the articles must be actually touched or handled by the officer. It cannot be questioned, that to constitute an arrest of the body, some part of the officer must come in actual contact with some part of the person who is arrested.(1)

(1) 1 Salk. "Arrest."

It is not sufficient to be in sight, or hearing. An attachment of property is an arrest, or seizure, or taking of it; and consequently would seem to be defective, unless the property be touched. In this case, it is not necessary to deny the premises, nor to attack the analogy between an arrest and an attachment. The merits of this case lie in the principle, that articles of property from their number and nature can be taken or delivered without an actual touching or removing of every distinct article.

Thus, in respect to real estate, the delivery of seisin or possession, is by touching only a handle of the door, or a twig or the turf of the land. An attachment of land, or of a pew in a church, may now be effected in the same way.(2)

(2) 13 Mass. Rep. 128.

In respect to personal estate, when sold, a delivery of a sample is a delivery of the whole; and touching a part as for the whole, or taking into actual custody a building, or the key of it, so as to have the whole contents under one's control, is a receipt, or taking of the whole. 10 *Mass. Rep.* 308. –12 *ditto* 300.—1 *East* 192.–7 *ditto* 558.–5 *John.* 344, *Willes et al. vs. Ferris.* So "if a landlord comes into a house and seizes upon some goods as a distress in the name of all the goods in a house, that is a sufficient seizure of all."(3) An attachment of personal estate can therefore be effected in the same way. The whole articles must doubtless be within the power of the officer.(4) That is, they must not be inaccessible to him by their distance, or, by being locked up

(3) Bac. Ab. "Distress" D.

(4) 16 John. 288, Haggerty vs. Willer.— 13 Mass. Rep. 116.

from his reach in an apartment not under his control; or by being so covered with other articles, or so in the custody of another person, that the officer cannot see and touch them.(1) The officer must also continue to retain this power over them, by remaining present himself, by appointing an agent in his absence, by inventorying and marking them, or by a seasonable removal of them. 9 *John.* 132–3.—16 *ditto* 288. 1 *Wils.* 44, *Bradley vs. Windham.*—12 *Mass. Rep.* 131, 495. —14 *ditto* 190, 356.—15 *John.* 428. The law in respect to a distress for rent is somewhat analogous. *Str.* 717.—2 *Ld. R.* 1424.—2 *Dall.* 67.

In the present case, the articles were all within one house; the plaintiff first entered that house and touched some of the furniture and gave notice that he attached the whole; he then proceeded to inventory the whole; remained within the house and could have closed the doors if wishing to be absent. He, therefore, had control over the whole and retained that control till the defendants entered and by force divested him of it.

Consequently the attachment was valid, and judgment must be entered on the verdict.*

*Margin note:* Huntington *vs.* Blaisdell et al. (1) 5 Mass. Rep. 157, 163, 271.

———

* 16 Mass. Rep. 420, Daney vs. Warren, 465 Gordon vs. Jenny.