Parker C. J.
delivered the opinion of the Court. The question arising out of the pleadings in this case is, whether the property in the mule taken and sold on the execution against Francis Harding, was in the plaintiffs, at'that time, or in Harding. The attachment was made on the 10th of Octo her, 1826, the factory in which the mule was placed being then in the actual possession of Harding, and the mule having been put by the defendant, after his attachment, in the keeping of Leonard Harding. But before this, in March, 1825, Fran ois Harding had by deed of mortgage conveyed the factory, and the mule, not then therein, but in preparation and soon to be placed there, to secure a debt of 1000 dollars, which was to be paid by instalments in four years. There having been no delivery of the mule at the time of the conveyance, though between the parties to it the mule passed, yet it was liable to the attachment of the creditors of F. Harding.[1] The attachment however holds no longer than the custody remains in the sheriff, and when that custody is lost, if the mortgagees come into possession by virtue of their conveyance, their title is complete. It appears that the plaintiffs entered into the mortgaged premises for condition broken, on the 4th of January, 1827, the mule then being in the factory ; so that it came into their possession under their contract, unless the attachment then continued in force. Whether it did or did not, doe not distinctly appear, for the defendant, in his plea, has alleged that Leonard Harding had the keeping of the mule for the sheriff, but without stating the time when he absconded. But on the supposition that the attachment then continued in force, *435 it ceased upon the taking on execution, which is averred to be on the 16th of January, 1S27. Now it does not appear by the plea, that the mule was taken into the custody of the sheriff, or left in the care of any one after the alleged taking on execution ; so, for aught appearing, this was a mere formal act preparatory to a sale on execution. It does appear by the defendant’s showing, that the mule was left in the factory, without being committed to the care of any one. The factory was the plaintiffs’ properly and then in their sole possession, and that gave them possession of the mule, which had been conveyed with the factory. This was not, then, a levy which could deprive them of their right, by virtue of the previous attachment, there being no possession taken by the sheriff and no removal by him ; so that when he came to demand possession on the day of the intended sale, he had lost his lien, and the plaintiffs’ title became perfect under the mortgage. There cannot be a seizure of goods on execution, unless the officer has the actual custody and possession of them. Lane v. Jackson, 5 Mass. R. 157.[1] We think there can be no doubt, that another attachment made on the mule between the 16th and 20th of January would have held, for there was not even constructive possession in the defendant during that time. A conveyance also to a bon-> fide purchaser would have been good, if the property had not been mortgaged. We see no sufficient reason then why the mortgage made long before, for a valuable consideration, should not draw to it the mule, when in the actual possession of the mortgagees.
The replication however is liable to some of the objections taken to it in the special demurrer, especially in that it is argu mentative and does not contain a direct allegation that the property of the mule, or the possession, was in the plaintiffs, but leaves this to be inferred. The replication may be amended on payment of costs since the demurrer was filed.

 See Bonsey v. Arate, ante, 237, and note 1.

 See Merrill r. Sawyer, ante, 397; Sanderson v. Edwards, 10 Pick. 146 Dunclclee v. Foies, 5 N. Hamp. R. 528.