*408 The opinion of the court was delivered by
Collamer, J.
— There is in this case testimony tending to show the turning out of this wagon to the officer, but there is none tending to show he had taken or manifested any intention- to take it, until after the defendant had taken it. It was improper for the court to leave to the jury a point on which there was no testimony. It is unnecessary here to decide precisely what possession must be taken to constitute an attachment, in the abstract. Perhaps less would be required as against the owner or a wrong-doer than against a bona fide purchaser or creditor. It has been fully and repeatedly decided, in this state, that to constitute a sale as against subsequent purchasers or attaching creditors,- possession must accompany and follow the sale; which possession must be visible, continued' and exclusive. In strict analogy with this, and for the same reason, an attachment must have the same character. Such we consider the weight of authority, in the case Newton vs. Adams et al. (4 Vt. Rep. 437,) the court say, “ Such possession shall be taken as will give sufficient notoriety to the attachmentand in that case, stress was laid on the officer having exclusive possession of, and fastening up the building. Even in the case of Train vs. Wellington, (12 Mass. R. 495,) relied on by the plaintiff here, the court-lay stres's on the fact that the officer continued in possession by his-servant, who gave notice to the defendant before he took the goods. We have failed to find any adjudged case which sustains this plaintiff. In alT cases where the attachment has been holden good as against third persons, acting in good faith, the officer has been in actual, visible possession by himself or servant, or has secured the place of deposit, or there has been actual notice. In this case the officer took no actual, visible possession, nor did he leave any keeper, or lock np the place of deposit, or remove the property, or give any notice either to the owner or any other person that he had taken qr; even intended to take the wagon, until after the defendant had purchased' and taken it. The attaching officer and purchasing, creditor being in equal right, the first actual possessor must hold.
Judgment reversed-;,-