## Case No. 12,215.

### SAGE v. WYNKOOP.

[16 N. B. R. 363.] [1]

Circuit Court, N. D. New York. Oct. 24, 1877. [2]

BANKRUPTCY—TRADER — PROCURING PROPERTY TO BE TAKEN ON EXECUTION — CREDITOR — PRINCIPAL AND AGENT—LEVY.

1. An insolvent debtor, who was a trader, gave to a creditor new notes, payable on demand, signed by himself alone, to take up others of the same amount, secured by the signature and indorsement of other responsible parties, and purchased goods of persons who were ignorant of his insolvency, in order that such goods might be taken on execution on judgments recovered on such notes. *Held*, that he thereby procured, or at least suffered his property to be seized on execution within the meaning of section 5128 of the Revised Statutes, if seizure there was.

2. Where the agent of the creditor had reasonable cause at the time to believe the debtor was insolvent, and knew that the transaction was in fraud of the bankrupt law [of 1867 (14 Stat. 517)], it is the same as if the creditor had himself taken part therein, with the same cause to believe and the same knowledge.

[Cited in Re Jacobs, Case No. 7,159.]

3. A levy which has been relinquished before the filing of a petition in bankruptcy creates no lien upon the property as against the assignee.

This was a bill filed to compel the payment of two judgments recovered by the complainant [Gardner A. Sage, Jr.] against one John H. Fowler out of a certain fund deposited with the clerk in accordance with a special order of the district court. The bill sets forth the recovery by the complainant, in the supreme court of the state of New York, of two judgments against said John H. Fowler, one for four thousand and fifty-two dollars and twenty-eight cents, on the 19th day of May, 1875, and the other for one thousand and twenty-three dollars and thirty-five cents on the 2d day of June,

[1] [Reprinted by permission.]
[2] [Affirmed in 104 U. S. 319.]

1875; the issue of executions thereupon and the levy by the sheriff of Onondaga county by virtue thereof upon a stock of goods in the city of Syracuse, belonging to said John H. Fowler; that on the 4th day of June, 1875, said John H. Fowler filed a petition in voluntary bankruptcy, and subsequently was adjudged a bankrupt thereupon, and Jonathan G. Wynkoop was appointed assignee; that on the 17th day of August, 1875, an order was made by the district court authorizing the assignee to sell the stock of goods which had been levied upon by the sheriff and directing him to deposit with the clerk the sum of five thousand two hundred dollars, to which, under the provisions of said order, the liens of the sheriff and the complainant attached with the same force as before the making of the order they had attached to the stock of goods; that shortly thereafter the assignee sold the goods and deposited with the clerk the amount required by said order. The relief demanded was that said judgments, with interest, sheriff's fees, and costs, be decreed to be paid out of said fund so deposited. The assignee alone answered, and, after admitting substantially the allegations contained in the bill, alleged that said John H. Fowler was insolvent for more than four months before he was adjudged a bankrupt, and that during that period the complainant held four notes of a thousand dollars each, made by one Combes and indorsed by said Fowler and his wife, and which respectively matured March 18th and 31st, April 21st and May 8th, 1875; that at the same time the complainant held a note for one thousand dollars made by said John H. Fowler, without an indorser, maturing April 13th, 1875; that on the 28th of April, 1875, said John H. Fowler retired said notes by giving five new notes for one thousand dollars each, payable on demand, signed by himself and unindorsed, dated respectively as of the dates when the notes of said first series became due; that upon the same day actions were commenced upon four of those notes, and subsequently upon the fifth, which resulted in said two judgments of the complainant; that this was done to cast the burden of paying said notes from responsible parties upon said John H. Fowler, in contemplation of his soon becoming bankrupt; that said judgments were recovered by collusion and with intent to give the complainant preference, and that the filing of the petition in bankruptcy was delayed by said John H. Fowler in order that the preference should be perfected. Evidence was given which tended to sustain and also to disprove the allegations in the answer.

Irving G. Vann, for complainant.
George N. Kennedy, for defendant.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, proofs, motion of defendant to suppress evidence, and argument of counsel. The evidence sought to be suppressed, although most of it is in the nature of hearsay, as the motives of those communicating are in question, shows parts of the transaction involved, and for that purpose seems to be admissible. The motion is therefore overruled.

From the pleadings and proof it satisfactorily appears that the bankrupt, of whom the defendant is assignee, was insolvent and known to be so by himself and by the agent and attorney of the orator having entire control of this business for the orator. That the bankrupt, who was a trader, by giving new notes signed by himself alone to the attorney of the orator to take up other notes of the same amount, secured by the signature and indorsement of other responsible parties toward whom they were both friendly, on which to be sued, and by procuring goods on credit of parties to whom his insolvency was unknown, in addition to his stock, that they might be taken on execution for this debt, procured, or at least suffered, his property to be seized on execution, if seizure there was, to give relief to those liable for the debt and interested to have it satisfied by him or out of his means. And that the agent and attorney of the orator had good reason to know that the new notes were given, and took them, and caused suit to be commenced upon them, for the like purpose of saving the other parties, or some of them for whom he was interested, harmless, without detriment to his client and principal or to himself, and caused the proceedings to be carried forward, knowing that if the plan should be successful other creditors would probably suffer. This was done by the bankrupt, being insolvent, with a view to give a preference to a person or persons under a liability for him, and done by the agent of the orator having reasonable cause to believe the bankrupt was insolvent, and knowing that it was in fraud of the provisions of the bankrupt law, which is the same as if done by the orator himself, with the same cause to believe and with the same knowledge, and brings the case within both the letter and spirit of section 5128, Rev. St. as amended by sections 10 and 11 of the act of June 23, 1874 [18 Stat. 180]. The orator having brought this suit to reach the avails of property of the bankrupt levied on by virtue of executions on judgments in these suits so brought, is not, on these findings, entitled to any decree in his favor.

There is another ground, not urged in argument, however, on which it would seem that the defendant is entitled to a decree in his favor, at least so far as the first and larger judgment and execution are concerned. It is alleged in the bill, fol. 15, that the sheriff, by virtue of that execution, levied on the stock of goods of the bankrupt, and fols. 25 and 26, that he kept and retained possession of it. The levy, whatever it was, is admitted in the answer, fol. 108, and as proved

before the master, fols. 635–6; but there is no admission or proof about keeping or retaining possession under the levy except the testimony of the deputy-sheriff who served the other execution, fols. 639–47, which shows that possession, if taken, was not kept, nor resumed under that execution until the night of June 3, 1875, and that it was vacant so far as the officer serving that execution, or any officer acting under it was concerned from before 11 o'clock until night of that day, during which time, at 2 o'clock p. m., the petition in bankruptcy of the bankrupt was filed. From the whole it seems most probable that there was a formal levy, as it is called, by going into the store on the 31st of May, but no seizure until the night of the 3d of June. However that was it is clear that any seizure that had been made had been relinquished, and after relinquishment it was the same as if it had never been made. Bradley v. Wyndham, 1 Wils. 44; 2 Term R. 596; Storm v. Woods, 11 Johns. 110, Fitch v. Rogers, 7 Vt. 403; Kellogg v. Griffin, 17 Johns. 274; Heard v. Fairbanks, 5 Metc. [Mass.] 111, 2 Add. Torts, § 907.

In this view neither the sheriff nor the orator had, at the time the petition in bankruptcy was filed, any greater right to the goods of the bankrupt than so far as they were bound by the common law by the teste of the writ of execution, left in force by the statute after delivery of the writ to the sheriff. The common law so bound the goods of the debtor that the sheriff might seize them in the hands of a purchaser from the debtor unless bought in market overt, but vested no property in them in the sheriff without seizure. Smallcomb v. Cross, 1 Ld. Raym. 251; Payne v. Drewe, 4 East, 523; Edwards v. Harben, 2 Term R. 587; Beals v. Guernsey, 8 Johns. 446; Bliss v. Ball, 9 Johns. 132; Westervelt v. Pinckney, 14 Wend. 123. The whole property in the goods remained in the debtor and passed by the assignment to the assignee. Rev. St. U. S. § 5044. This is in accordance with the rule under the English bankrupt acts. Bayly v. Bunning, 1 Lev. 173; Philips v. Thompson, 3 Lev. 69, 191; Mont. Liens, 83; Smallcomb v. Cross, 1 Ld. Raym. 251; Cole v. Davies, Id. 724.

The right of the sheriff to seize the goods is quite similar to that of the landlord under the statute of Illinois to seize the goods of his tenant for rent, which is held not to vest any right in the goods against an assignee in bankruptcy. Morgan v. Campbell, 22 Wall. [89 U. S.] 381. And it seems to have been on the ground that there was an actual seizure that the right of a landlord to hold the property of his tenant against the assignee has been upheld. Marshall v. Knox, 16 Wall. [83 U. S.] 551. It is not at all clear that the sheriff serving the other execution took and maintained any possession of the goods before the night of June 3d, and, if showing that he did would maintain the

orator's bill, it is quite doubtful on the evidence whether it would be made out. But whether it would be or not, he fails here on the other point.

Let a decree be entered that the bill be dismissed with costs.

[On appeal to the supreme court, the decree of this court was affirmed. 104 U. S. 319.]