Parker, C. J.,
delivered the opinion of the Court. The nonsuit m this case was ordered, because the judge, at the trial, thought that the facts, stated in the several counts of which the declaration consists, showed no cause of action. After an examination of all the counts, we are all of opinion that the nonsuit was properly ordered.
The gravamen in each of them is the non-delivery of goods, or of the proceeds of them, by Baldwin, a deputy sheriff, to Billings, another deputy of the same sheriff, that he might apply them in satisfaction of an execution obtained by the plaintiff against Selden Brainerd. In each of the counts it is alleged, that Baldwin had the goods in his custody, on a previous attachment made by him upon *a writ in favor of Carnes Rhodes; and it is alleged, that, after satisfying the execution which issued in favor of those creditors, there was a surplus, which Baldwin was bound to deliver over to Billings; he having returned upon the plaintiff’s writ, that he had attached the same goods ; and it being further alleged, that the attachment made by Billings was next, in order of time, to that which was made by Baldwin in favor of Carnes 8f Rhodes; and that Baldwin, unlawfully, and to the prejudice of the plaintiff’s rights, applied the surplus of the proceeds in satisfac *98 lion of an execution in favor of one Mams, for whom he had made an attachment, in fact after the attachment made by Billings.
The great defect in the plaintiff’s title to an action is, that, by his own showing, when Billings undertook to return an attachment of the goods upon his writ, they had been previously attached, and were in the actual custody of Baldwin, upon another lawful process. What Billings returned upon the plaintiff’s writ was therefore false in point of fact; for there could not be two subsisting attachments of the same goods, by two distinct deputy sheriffs ; the term attachment necessarily implying the actual possession of the goods, which cannot be in both at the same time. One deputy sheriff, having attached goods by virtue of one writ, may hold the same goods as attached upon other writs, which subsequently come into his hands for service; but another deputy sheriff cannot lawfully intérfere ; because he cannot disturb the possession previously acquired.
It has been determined, in the case of Lane & al. vs. Jackson, (3) and in the case of Watson & al. vs. Todd & al., (4) that, to constitute an attachment of chattels, there must be an actual possession by the attaching officer ; and that no other officer can lawfully interfere with that possession. But the plaintiff’s counsel relies upon a dictum of Chief Justice Parsons in the latter case, that different deputies of the same sheriff are not different officers in * contemplation of law, all the deputies being but servants of the sheriff; and their possession being his.
This position is undoubtedly true ; but, like all other general rules, must admit of exceptions. The deputies, in relation to each other, must often be considered as several officers, with distinct rights, and acting with distinct liabilities. Upon the supposition, that the possession of a deputy, who has attached goods, is the possession of his master, it will follow, that, after an attachment has been made by a deputy, the sheriff himself, by receiving another writ, may cause the goods to be holden upon it; yet that no other deputy can do the same ; for the possession of one deputy is not the possession of all or of any other of the deputies. And to make good a second attachment, by the sheriff himself, of chattels already attached by one of his deputies, it would undoubtedly be necessary that the sheriff should give notice to the deputy who holds them of the writ put into his hands, before any other writs should have come to the hands ot the deputy.
It is clear, therefore, that Billings made no attachment, and, consequently, that the plaintiff has suffered nothing by the application of the surplus proceeds of the goods, by Baldwin, to the satisfaction of the execution in favor of Mams.
*99 Whether Baldwin committed a misfeasance, in giving effect to dldams’s writ from the time it was put into the hands of his servant, when he himself was absent, is immaterial in the present action. Because the plaintiff was not prejudiced thereby, as Baldwin had not undertaken to serve the plaintiff’s writ, nor was it put into his hands for that purpose, but merely that he might complete the service by leaving a summons ; Billings relying upon his own supposed attachment, and having made his return accordingly.
Whether Billings was bound, when he found the goods already attached by Baldwin, to put the writ into his hands, with a request to serve it upon the same goods, is a * question between the plaintiff and Billings, or the sheriff, as answerable for his deputies. The present action cannot be maintained, and the nonsuit must stand.

Costs for the defendant.

[See Thompson vs. Marsh & al., 14 Mass. Rep. 269. — Denny vs. Warren, 16 Mass. Rep. 420.— Gordon vs. Jenney, Ibid. 465. — Ed.]

 5 Mass. Rep. 157.

 Ibid. 271.