Parker, C. J.,
delivered the opinion of the Court. The general principles, advanced by the counsel for the defendant in this case, are undoubtedly correct. The capture of Eastport, where the deputy sheriff lived, and where, according to his duty, the property attached would be presumed * to remain, would excuse him and the sheriff from producing the property, to levy the execution upon. But this is because the common consequences of capture, according to the laws of war, are supposed to follow; such as a restraint upon the persons of the inhabitants captured, which would prevent their removal; and upon their effects, so that they could not be withdrawn from the control of the captors. But if the capture is not attended with these effects, there is no reason why the obligation of any citizen, created before the capture, should be destroyed or impaired.
It appears, in this case, that personal property remained unaffected by the capture ; and there is no doubt that, on the return of peace, if not during the war, the deputy sheriff might have removed the goods attached beyond the lines of occupation by the enemy, where they would have safely awaited the execution. That the execution could not have been levied on the goods within the town of East-port, does not of itself constitute a defence ; because it was only necessary to deliver the goods to the sheriff, who might have taken them into a part of his precinct not occupied by the enemy, and have raised the money from them to satisfy the execution.
This would have been the case, had the deputy sheriff actually retained the goods in his custody upon the attachment, until the enemy seized the town. But when it is considered that he delivered them over to persons, who entered into a contract with him to *23 redeliver them on demand ; and it not appearing that any thing has occurred to discharge those persons from their contract, there seems less reason for considering this a hard case upon the sheriff. He will get his indemnity from those to whom he delivered the goods, if they are responsible ; and if they are not, he will suffer only from his own carelessness, (a)
It is true that those who receive goods attached, to keep for the sheriff, are his servants in the eye of the law; (b) but it is equally true that in most cases they are the friends of * the debtor; and that the property, so attached and delivered, goes into his possession. The presumption arising from the common course of such business is, that the property has been enjoyed by the debtor. The contract with the sheriff, however, remains in force ; so that eventually no mischief will occur.

Judgment on the verdict.

 Tyler vs. Ulmer, 12 Mass. Rep. 163. — Phillips & Al. vs. Bridge, 11 Mass. Rep. 242.

 Watson vs. Todd and Trustee, 5 Mass. Rep. 271. — Perley vs. Foster, 9 Mass. Rep 112. — Vinton vs. Bradford, 13 Mass. Rep. 114. — Campbell vs. Phelps, 17 Mass Rep. 244 — Hawkins vs. Kingsland, 2 Hall, Rep. 425.