## ABRAHAM DUNKLEE *versus* ARNOLD FALES.

When a sheriff has attached goods by virtue of mesne process, he must, in order to preserve the attachment, retain the possession of the goods. And if he, or any person, to whom he may deliver the goods for safe keeping, permit them to return to the possession of the debtor, the attachment is, with respect to other creditors, *ipso facto* dissolved.

TROVER for sundry articles of household furniture. The cause was tried upon the general issue, at May term, 1831, when a verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the following case.

The said furniture, being the property of one Joseph Taylor, was attached by Ziba Huntington, a deputy sheriff, on the 26th May, 1826, by virtue of a writ in favor of N. B. Dodge, against Taylor, and delivered to the plaintiff, for safe keeping. The plaintiff thereupon gave Huntington a receipt for the furniture, and locked it up in a chamber, in Taylor's house, the key of which he retained.

In September, 1826, Taylor, being desirous to obtain the use of the furniture and of the chamber, made application to the plaintiff for the purpose. And the plaintiff delivered him the key of the chamber, and he took and used the furniture, as before the attachment, and continued so to use it, until it was taken by the defendant, as hereafter stated.

Dodge obtained an execution in his suit against Taylor, and delivered the same to Huntington, who, on the 27th March, 1827, and within thirty days from the rendition of the judgment, on which it issued, demanded of the plaintiff the property.

On the 28th March, 1827, the defendant, a deputy sheriff, by virtue of a writ in favor of Joseph L. Dewey, against Taylor, attached and removed the same furniture ; but the defendant and Dewey had previous notice of the attachment made by Huntington, as aforesaid.

GRAFTON.

*Bell*, for the plaintiff.

*W. Smith*, and *I. Bartlett*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The question in this case is, whether the attachment made by virtue of Dodge's writ was to be considered with respect to the other creditors of Taylor, as dissolved at the time, when the defendant took the goods, the goods being at that time in the possession of Taylor, the debtor?

This question is easily settled. What is an attachment by virtue of mesne process? It is an actual seizure of goods, in order that they may be held to satisfy the judgment, which the plaintiff may recover. If the goods are so situated that they cannot be actually seized and taken into the possession of the officer, they cannot be attached. 2 N. H. Rep. 66, *Odiorne* v. *Colley*; 2 ditto, 317, *Huntington* v. *Blaisdell*; 13 Mass. Rep. 114, *Vinton* v. *Bradford*; 5 ditto, 157, *Lane* v. *Jackson*; 5 ditto, 271, *Watson* v. *Todd*; 9 ditto, 258, *Knap* v. *Sprague*; 11 ditto, 319; 16 ditto, 265 and 420.

When the officer has obtained possession, he must retain it. He may keep the goods in his own custody, or in the custody of a servant. But to preserve the attachment he must have the goods under his control. If he, or the person, with whom he entrusts the goods, permit them to go back into the possession of the debtor, the attachment is *ipso facto* dissolved, so that any other creditor may attach and hold them.

In order to make an attachment, the officer must take possession of the goods. In order to retain the lien, which the attachment creates, he must keep the goods out of the possession and control of the debtor. If he permit the goods, which he has attached, to be in the possession and under the control of the debtor, any other creditor, although he may be aware of such attachment, may attach and hold them. 4 Pick. 395, *Bagley* v. *White*; 8 ditto, 397 and 419; 14 Mass. Rep. 195; 12 ditto, 133 and 495.

It is not necessary, in all cases, that the goods attached should be removed. But they must, in all cases, be put out of the control of the debtor, otherwise the attachment will be lost.

In this case, the goods were in the possession of the debtor when the defendant took them, and he is entitled to hold them against this plaintiff.

*Verdict set aside.*