STARR (STARK v.). See Case No. 13,307.

---

## Case No. 13,319.

### STARR et al. v. TAYLOR et al.

[3 McLean, 542.] [1]

Circuit Court. D. Indiana. May Term, 1845.

ATTACHMENT — LOSS OF ATTACHED GOODS — ON WHOM LOSS FALLS — LEVY AS SATISFACTION—AGENCY OF SHERIFF.

1. Where an attachment is laid upon goods, they are taken from the possession and control of the defendant, the same as where an execution is levied.

2. If under such circumstances, the goods are lost without fault in the sheriff, the loss must fall on the defendant. But if the sheriff fail to use ordinary vigilance to keep the goods safely, and they are lost through his negligence, he is liable. And the defendant may set up the levy as a satisfaction, if the value of the goods be equal to the amount of the judgment.

3. The sheriff is the agent of both parties, and is liable to either, but in such a case the defendant is not bound to sue him.

[This was an action on a promissory note by Starr & Smith against Taylor, Moore & M'Griff.]

O. H. Smith and Mr. Gregory, for plaintiffs. Judah, Mace & Beard, for defendants.

McLEAN, Circuit Justice. This action is founded upon a promissory note given for goods purchased at New York. In their defence, the defendants set up that a large amount of goods, to wit, of the value of $2,-800, and for a part of which the above note

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

was given, was attached at Buffalo, in the state of New York, by Frost & Dickerson, on a claim against the defendants, for five hundred dollars. That the plaintiffs came in under the attachment law of New York as creditors, and filed the above note as the foundation of their claim; and that the warehouse in which the goods were deposited was burnt, and the goods destroyed by the negligence of the sheriff who laid the attachment, and who took the goods into his custody. The thirty-seventh section of the attachment law of New York (Rev. St. 8), provides, that "an affidavit may be filed with the officer who issued a warrant of attachment, specifying the sum due," &c. And the thirty-eighth section declares, "that upon the filing of such an affidavit and petition such creditor shall, in all respects, be deemed to be an attaching creditor, and entitled to the same benefits and advantages, and subject to the same responsibilities and obligations, as the creditor at whose instance such attachment was originally issued."

Various objections were made to the original attachment, and to the affidavit on which it was issued. But the court held, that as the plaintiffs became parties to the attachment by filing their claim, they cannot, under the pleadings in this case, object to the legality of that procedure. The property was held under the attachment, as much for the benefit of the plaintiffs, as for the benefit of the plaintiffs in the attachment.

The great question in the case is, on the facts proved, whether the loss of the goods may be charged to the negligence of the sheriff. The goods were taken out of the possession of the defendants by the attachment, and after this they were in the custody of the law. The seizure of goods on execution is a bar to any other execution against the defendant for the same debt. And on the same principle, such levy may be pleaded in bar to any other suit for the same demand. After a sale of the property, the satisfaction of the judgment could only be set up pro tanto. M'Intosh v. Chew, 1 Blackf. 290; 4 Mass. 403; 2 Ld. Raym. 1072. The same principle applies on the laying of an attachment. Until the sale of the property on an attachment or an execution, the plaintiff does not realise the fruits of the proceeding, and consequently, he is not responsible for the safe-keeping of the property. And if it shall become lost by one of those casualties which often occur, and which are in no respect chargeable to negligence, the loss must be that of the defendant. This risk every defendant incurs, when he suffers his property to be taken in execution. He is chargeable with neglect in failing to do what the law enjoins on him, and if a loss shall be the consequence, the fault is his own. But if the sheriff or other officer who serves the process, and who has the custody of the property shall, by his neglect, suffer it to be injured or destroyed, he is responsible. He is bound to use at least ordinary vigilance for its safe-keeping. Should live stock be levied on, the sheriff is bound to provide for its support at the expense of the defendant. This expense should be paid on a sale of the stock. Story, Bailm. §§ 46, 128–131; Phillips v. Bridge, 11 Mass. 242; Id. 211; Id. 163; Congdon v. Cooper, 15 Mass. 10; Knap v. Sprague, 9 Mass. 258; Jenner v. Jolliffe, 6 Johns. 9.

On the above considerations, the court instructed the jury that if they shall find, from the evidence, that the sheriff failed to exercise that degree of vigilance which a careful man would use in the protection of his own property, and it was consequently lost, they should find for the defendant. The sheriff is the agent of both parties. And if he be guilty of negligence, so that the property becomes lost, he is responsible to the plaintiff, at least to the amount of his judgment. The sheriff is also liable to the defendant in such a case, but the defendant is not bound to prosecute him. The plaintiff, through the instrumentality of the law, having taken the goods from the possession and control of the defendant, he may set up the levy in discharge of the judgment, and a loss of the goods, through the negligence of the sheriff, will not invalidate that plea.

The jury found for the defendant.