## James H. Wheeler *vs.* John W. Bacon & others.

Mortgaged personal property which has been attached, and payment of the amount due on the mortgage demanded of the attaching creditor, is subject to further attachment, and if the first attachment be discharged by failure to pay off the mortgage seasonably, the second attachment, if not discharged by a failure to comply with a subsequent demand of the mortgagee, is valid against the mortgagor, and, if not dissolved by the mortgagor, is a sufficient foundation for proceedings in insolvency against him.

Bill in equity. Hearing before *Bigelow*, J., who, after consultation with the other judges, drew up the following opinion.

Bigelow, J. The bill in this case is brought under *St.* 1838, *c.* 163, § 18, to set aside proceedings in insolvency, instituted against the plaintiff upon the petition of some of his creditors. The ground of these proceedings, as set forth in the order of the commissioner, was the failure of the plaintiff to dissolve an attachment on his personal property within seven days from the return day of the writ, in compliance with *Sts.* 1838, *c.* 163, § 19; 1851, *c.* 189, § 2. The sole question in the case is whether this attachment, on the facts stated in the bill and answer, and now admitted to be true, was valid and subsisting so as to authorize proceedings in insolvency against the plaintiff *in invitum.*

The material facts bearing on this question are briefly these: The attachment set forth in the petition to the commissioner of insolvency, as the basis of proceedings against the plaintiff, was made by Addison Macullar and others on the 14th of December 1855. At the time of this attachment there were six prior attachments on the same property, made by the same officer on the 6th and 8th of the same month. On the 8th of December John W. Maynard, claiming the property by virtue of a mortgage thereof from the plaintiff, made a demand upon the attaching officer for the amount due on his mortgage under Rev. Sts. *c.* 90, §§ 78, 79, and *St.* 1844, *c.* 148, § 1. This demand was in due form, and not having been complied with by any of the creditors whose attachments were made before the demand, the mortgagee, without making any other demand upon the officer or upon Macullar and others, who attached

the property subsequently to the demand, sued out his writ of replevin against the officer on the 22d of December, and by force thereof took the property out of his custody and possession. Upon these facts, the plaintiff contends that the attachment in favor of Macullar and others, was not in force at the time of the petition to the commissioner, and cannot therefore be the basis of proceedings in insolvency.

There can be no doubt that all the attachments, made prior to the demand by the mortgagee, were dissolved by the failure of the creditors, who had thus attached the property, to pay the amount due on the mortgage in ten days after the demand on the officer. This is conceded. But the attachment in question was made subsequently to this demand. It was clearly a valid attachment when made. Rev. Sts. *c.* 90, § 78. The property was then in the lawful custody and possession of the officer; because the ten days allowed by law after the first demand had not expired, and it was still held by him under the first attachments. The property was not exempt from further attachments. It was competent for a creditor to attach it, and for the officer having it in his possession to make a new attachment upon it. *Watson* v. *Todd,* 5 Mass. 271. *Vinton* v. *Bradford,* 13 Mass. 114. The validity of the last attachment did not at all depend on the continuance of those which preceded it. It was wholly independent of them. It still subsisted in full force, although the previous attachments were dissolved in due course of law. This necessarily results from the familiar rule that each creditor has the right to attach his debtor's property in succession. The attachment being legal and valid, it follows that it could not be dissolved except in the mode pointed out by law. A demand by a mortgagee of the sum due on his mortgage upon an attaching officer or creditor does not prevent other creditors from subsequently attaching the same property. It only operates to dissolve, *sub modo,* the attachments already made. All subsequent attachments stand on the same footing as if no previous attachments had existed. It was the right of the last attaching creditor, as it was of those who had the prior attachments, to have ten days, after a demand upon himself or upon the officer who made

the attachment in his behalf, within which to pay the amount due on the mortgage, and to hold the property as security for the amount so paid and for his debt. This right was subordinate only to that of the previous attaching creditors. If they did not exercise this right within ten days after the demand upon them, then by the express terms of the statute their attach-ments would be dissolved. The last attachment would thereby become the first. The demand on the officer in the present case was made on the 8th of December, and the amount due on the mortgage not having been paid, all the attachments then on the property were dissolved in ten days thereafter. The attachment in question was made on the 14th of December, after which no demand was ever made by the mortgagee. It has therefore not been dissolved in the mode pointed out by law.

Nor can we see that the writ of replevin on behalf of the mort-gagee in any way changed the rights of the creditors under this last attachment. On the 24th of December, when the property was replevied, the mortgagee had no right to its custody and possession as against the officer. It was still lawfully held by him under the attachment of Macullar and others, which the mortgagee had taken no steps to dissolve. He will therefore be entitled to a judgment of return in the replevin suit. When returned under that judgment, the property will come back into his hands, subject to the lien created by the attachment in ques-tion. Or if the property is not returned, the attaching creditors will have their remedy upon the replevin bond, to be prosecuted by the officer for their use and benefit.

It was urged by the counsel for the plaintiff that this view of the respective rights of mortgagees and attaching cred-itors would impose great hardship and inconvenience upon the former, by compelling them to make repeated demands for the surrender of the same property upon each successive attach-ment which might be made subsequently to a demand upon the attaching officer. This may be so. But it is the unavoidable result of those provisions of the statute which give to creditors the right to attach personal property subject to mortgage, in which the debtors have a subsisting right of redemption. It

would be an equal, if not greater hardship, to deprive creditors of the full time allowed by law within which they are permitted to pay off incumbrances on the property of their debtors, and apply it to the satisfaction of their just and lawful claims.

For these reasons, we are of opinion that the attachment alleged in the petition to the commissioner was not dissolved or in any way released or discharged within the time required by law; that the plaintiff was therefore properly proceeded against in insolvency, and that there is no ground for reversing the decision of the commissioner.     *Bill dismissed.*

*B. F. Butler*, for the plaintiff.

*H. C. Hutchins*, for the defendants.