## CLAFLIN v. FURSTENHEIM.

ATTACHMENTS: *Successive levies of: Power of Deputy Sheriff.*

> After a Deputy Sheriff had attached property in the name of his principal, and while he was in the actual possession of it, A. sued out an attachment and placed it in the hands of another deputy of the same Sheriff, who levied it upon the property subject to the first attachment, and left the property in the hands of the deputy who made the first levy. B. afterwards sued out an attachment and lodged it in the hands of the deputy, who was in the actual possession of the property. Upon a question between A. and B. as to the validity of the levy of A.'s attachment, *Held:* That the acts of the deputies were the acts of the Sheriff; that the case stands as though all the writs had gone into the hands of the Sheriff himself, and been successively levied by him, and that the levy of A.'s attachment was therefore valid.

APPEAL from *Sebastian* Circuit Court, Greenwood District. R. B. RUTHERFORD, Judge.

Claflin v. Furstenheim.

Upon a former appeal in this case (*Furstenheim v. Claflin*, *47 Ark., 49*,) it appeared that both parties to the appeal had sued out writs of attachment against the same debtor and caused them to be levied upon the same property. The appellees in that appeal, whose attachment was subsequent to that of the appellants, and had been obtained in another tribunal, intervened in appellant's suit and claimed priority for their attachment on the ground that no affidavit had been made by appellants before suing out their attachment. This claim was sustained by the court below, but, upon an appeal, the judgment below was reversed and the cause remanded. This appeal was taken from a subsequent judgment of the court below, sustaining the attachment of the present appellees.

*Geo. H. Sanders* and *E. E. Bryant* for appellants.

1. A Deputy Sheriff cannot make a valid attachment of chattels already attached and in the custody of another deputy of the same Sheriff. *5 Ark., 422; Mansf. Dig., sec. 320; 26 Kans., 299; Drake Att., secs. 267–9; 34 Ala., 101; 2 McCrary, 445–8; 20 How., 583; 13 Mass., 113; S. C., 7 Am. Dec., 117 and note; 14 Mass., 269; 16 id., 465; 2 N. H., 66; S. C., 9 Am. Dec., 39; 3 N. H., 408; 2 Me., 270; Cowp., 65, 391; 2 T. R., 154.*

The contrary doctrine prevails in Kentucky alone. *1 B. Mon., 310; 6 id., 414; 44 Am. Dec., 776.*

2. Where one deputy has attached and taken into his possession chattels, another deputy of the same Sheriff cannot make a valid levy without serving a copy of his writ upon the deputy in possession. *2 McCrary, 445; 20 How., 583; 16 Mass., 420, 465.*

3. Where one Deputy Sheriff has attached chattels under a writ from a justice's court, another deputy of the same Sheriff cannot levy on them under a writ from the Circuit Court. *3*

*N. H., 4; 15 Ark., 55; Freeman on Ex., sec. 267; Mansf. Dig., secs. 319, 2987; 42 Ill., 100; 34 Ala., 101; 26 Kans., 299; 40 Am. Dec., 310; Drake on Att., 267–9; 20 How., 483; 2 McCrary, 445.*

*Cohn & Cohn* for appellees.

In the New England States Deputy Sheriffs seem to be independent officials to whom writs are addressed. *9 Am. Dec., 41.* But with us deputies are the agents merely of the Sheriff. *17 Ark., 388; Murfree on Sheriffs, secs. 75, 16, 17, 20; Freeman on Ex., sec. 354.*

Where writs are directed to the same officer, it is his duty to levy them in the order in which they came to his hands. *5 Harr. (Del.), 260; 30 Ind., 427; 18 Wisc., 406; 49 Cal., 297; Waples Att., 488; Freeman Ex., sec. 251; Herman Ex., sec. 180.*

See *1 B. Mon., 310; 3 id., 304; 6 id., 414; 7 id., 554; 2 Bay, 8; 77 Mo., 331; sec. 325 Mansf. Dig.; 5 McCrary, 342.*

COCKRILL, C. J. This is the second appeal of this cause. The case is stated in *47 Ark., 49.* The question now relates to the validity of the levy of the appellee's attachment.

The Sheriff had attached the property in dispute through a deputy under a writ issued by a justice of the peace before either of the attachers, who are contending for priority here, had sued out their orders of attachment, and the deputy was in the actual possession by virtue of the seizure for the first creditor when they undertook to attach. The appellees placed their order of attachment in the hands of a second deputy of the same Sheriff who made a levy in his principal's name subject to the first attachment, and left the property in the hands of the first deputy. The appellants afterwards sued out an order of attachment and lodged it in the hands of the deputy who was in the actual possession of the property.

No question is made by the appellants of the authority of an officer in possession of chattels by virtue of the levy of a writ, to levy a second writ on the property already seized by him, whether it emanates from the same or a different jurisdiction. The contention is that one deputy cannot make a valid levy while the property is in the actual possession of another, although both are acting for the same principal. That is the rule in a few of the New England States. *Vinton v. Bradford, 13 Mass., 114; S. C., 7 Am. Dec., 119,* and cases cited.

But in those States the Deputy Sheriff appears to be a distinctive officer, and not merely the servant of the Sheriff, having no official existence except through and under him, as with us. *Murfree on Sheriffs, secs. 907, 928; Petit v. Johnson, 15 Ark., 55.*

The act of the deputy whether in making the levy or holding the possession is the act of the principal, and the case here stands as though all the writs had gone into the hands of the Sheriff himself and been successively levied by him. It is his duty to levy the attachments in the order in which they come to his hands (*Mansf. Dig., sec. 319*), but the law does not require the officer to go through the empty formality of seizing afresh under each writ what he already has possession of. The prior seizure enures to the benefit of the subsequent writs. *Freeman on Ex., sec. 135; Murfree on Sheriffs, sec. 535; Drake on Attach., sec. 269.*

This was the judgment of the court below and it is in all things affirmed.