## GOODBAR v. BROOKS.

Opinion delivered March 25, 1893.

*Attachment—Successive levies—State and Federal courts.*

Where a sheriff, to satisfy an attachment issued from a State court, levies upon a stock of goods in value exceeding the amount he was required to make, and a marshal, to satisfy an attachment issued from a Federal court, makes a constructive levy upon such property in the sheriff's hands, the creditor attaching in the Federal court, after establishing his claim in that court and presenting proper proof thereof to the State court, is entitled to appear in the latter court as an intervener and to share in the proceeds of the attached property in his proper order.

Appeal from Crawford Circuit Court.

HUGH F. THOMASON, Judge.

Sarah E. Howell, the Citizens' Bank of Van Buren, and the Shibley–Wood Grocery Co. sued Fry & Ford in the Crawford circuit court, and procured writs of attachment to be placed in the sheriff's hands and to be levied, in the order named, upon a stock of goods belonging to defendants. Subsequently Brooks, Neely & Co. sued the same firm in the United States circuit court for the western district of Arkansas, and procured an attachment to be issued. The marshal made a constructive levy upon the stock of goods in the sheriff's hands by delivering to him a copy of the attachment and notifying him of the contents thereof. Afterwards Goodbar & Co. and Goodbar, White & Co. sued Fry & Ford in the Crawford circuit court, and had the sheriff levy writs of attachment in their favor upon the same stock of goods, subject to the prior levies thereon. All of the various attachments were sustained in the courts from which they were issued.

Brooks, Neely & Co. made themselves parties by intervention in the attachment suits pending in the Crawford circuit court, alleging, in addition to the foregoing facts, that the stock of goods levied upon by the sheriff had been sold under order of the Crawford circuit court, and that the proceeds were in the hands of the sheriff. Petitioners asked that the proceeds be distributed so as to pay off in the order named, the claims of Sarah E. Howell, the Citizens' Bank of Van Buren and the Shibley-Wood Grocery Co. and that the residue be applied to the payment of their claim.

Goodbar & Co. and Goodbar, White & Co. resisted the petition, and asked that the residue, after satisfying the claims of the three prior creditors above named, be applied to the payment of their claims respectively.

It was admitted that the facts alleged in the petition of Brooks, Neely & Co. were true. The trial court granted the petition of Brooks, Neely & Co., and made an order of distribution accordingly. Goodbar & Co. and Goodbar, White & Co. have appealed.

*T. P. Winchester* and *Preston C. West* for appllants.

1. Attachment is purely a statutory remedy, and all questions must be determined by the statutes. Drake, Att. (5th ed.), sec. 4a; 17 Ark. 482. A valid levy of attachment can be made, on property susceptible of manual delivery, only by an actual caption by the officer holding the writ. Mansf. Dig. sec. 320; 5 Ark. 422; 17 id. 481; 5 Fed. Rep. 895; Drake, Att. secs. 256-7; Waples, Att. pp. 175-6-7; 2 N. H. 66; 8 Conn. 332; 26 Kas. 299; 10 Cush. 269; 57 Iowa, 257; 25 id. 464; 23 id. 453; 19 Wend. 495; 35 Ala. 668; 2 N. H. 317.

2. There can be no joint or partnership levy, by officers from different jurisdictions, upon the same goods. 5 Fed. Rep. 895; 20 How. 583; 26 Kas. 299; 2 N. H. 68.

3. The lien of an attachment is inchoate until levy by actual caption. Mansf. Dig. sec. 325; *ib.* sec. 320; 39 Ark. 101; 18 Ark. 419; 19 Mass. 209; 18 Mo. 29. When once taken thus it is *in custodia legis*, and cannot be again seized by process from any other court, or by any other officer than the one in whose hands the first process was placed. Drake, Att. 267; Freeman, Ex. sec. 135; Herman, Ex. 173; 5 Fed. 895; 26 Kas. 299; 2 N. H. 66; 20 Fed. 426; 24 *id.* 898; 10 Pet. 400; 20 How. 483; 4 *id.* 4; 24 *id.* 450; 3 Wall. 334; 17 How. 471; 7 *id.* 625; 117 U. S. 201; 7 Minn. 104; 10 Johns. 129; 16 Mass. 420; 16 Johns. 286; 34 Ala. 101; 1 Woolw. 324; 2 Wood, 409; 2 Abb. U. S. 151. At common law the sheriff could not make a second levy. 15 Ark. 55; 2 *id.* 595.

*Sandels & Hill* for appellees.

This same case was before Judge Parker, and his decision, reported in 45 Fed. Rep. 776, presents appellees' case fully and entirely. The appellees have followed the procedure outlined and directed by the Supreme Court of the United States, the Federal circuit courts, and all the State courts wherein the question has arisen. The entire question is so fully discussed and so completely settled by the authorities that we feel it a work of supererogation to do more than cite them. See 124 U. S. 131; 110 U. S. 276; 17 Fed. 167; 77 Mo. 331; 20 Conn. 364; Drake on Att. secs. 251, note 6. Sections 319, 356, 358 and 359, Mansfield's Digest, provide all statutory aids to the jurisdiction of the State circuit court in this matter.

MANSFIELD, J. At the time of the action taken by the marshal under the order of attachment issued by the Federal court, the goods on which he sought to levy were held by the sheriff by virtue of an attachment sued out of the Crawford circuit court. They were therefore

in the custody of the law, and could not be subjected to
a second attachment if it operated to disturb the sheriff's
possession. This being so, the appellants contend that
the marshal could not make a valid levy, for the reason,
as they insist, that a seizure of the goods was essential
to such a levy, and this would necessarily have with-
drawn them from the possession of the sheriff.

A section of the Arkansas code directs that the
officer executing an order of attachment upon personal
property, capable of manual delivery, shall do so "by
taking it into his custody and holding it subject to the
order of the court." Mansf. Dig. sec. 320. This pro-
vision by its terms requires an actual seizure of the prop-
erty. But that it applies only to a first attachment is
apparent from the provisions found in other sections of
the code. One of these is that "where there are several
orders of attachment against the same defendant, they
shall be executed in the order in which they were received
by the sheriff or other officer." Mansf. Dig. sec. 319.
By another section it is provided that "where several
attachments are executed on the same property, the
court, on the motion of any one of the attaching plain-
tiffs, may order a reference to a commissioner to ascer-
tain and report the amounts and priorities of the several
attachments." Mansf. Dig. sec. 359. A further pro-
vision of the code is that where the attachments pend-
ing in the circuit court and in the inferior courts of a
county have been levied upon the same property in whole
or in part, it shall be the duty of either of such courts
upon motion to make an order for the removal of the ac-
tions pending in the inferior court to the circuit court
for trial in the latter court as if originally brought there.'
Mansf. Dig. sec. 386. The next succeeding section of
the same statute provides for the removal of actions in
which attachments are pending and have been levied on
the same property, by change of venue, so as to have

them all on the same docket and under the control of the same court, when this appears to be necessary for the proper distribution of the attached property and the adjustment of the rights of the parties. Mansf. Digest, sec. 387. Other sections contain provisions under which "any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof," present his complaint to the court stating a lien on the property acquired by a different attachment; and on proof of such lien it is made the duty of the court to "make such order as may be necessary to protect his rights." Mansf. Dig. secs. 356, 358.

The application of the section from which our second quotation is made (Mansf. Dig. sec. 319) is clearly confined to orders of attachment executed by the same officer upon the same property; and although the officer cannot, except in a constructive sense, seize goods of which he already has the actual possession, the statute treats a second or subsequent levy when thus made as of equal validity with the first. *Claflin* v. *Furstenheim*, 49 Ark. 302. All the other provisions to which we have referred, except that embraced in section 320 of Mansfield's Digest, also contemplate successive levies upon the same property; and yet it is plain that such levies cannot in all cases be made by the officer executing the first attachment. Thus for instance while an attachment issued by a justice of the peace may always, under our statutes, be served by a sheriff, a constable cannot, unless the offices of sheriff and coroner are both vacant, or those officers are defendants or interested in a suit, execute an attachment issued by the circuit court. Mansf. Dig. secs. 4037, 606, 607. An attachment issuing from the circuit court against property in the custody of the constable under a prior attachment from a justice's court must therefore usually be levied by the sheriff, or not be levied at all; and his levy could not of

course be made by an actual seizure. Another case may occur in which a constructive levy by an officer not having the custody of the property to be attached would be equally necessary to a just administration of the law. Ordinarily an attachment can only be served within the territorial jurisdiction of the court which issues it ; and when the property on which it is to be levied is out of the county where it is issued, the writ will go to the sheriff of the county where the property is found. Mansf. Dig. sec. 314. But a section of the code provides that if, after an order of attachment is placed in the hands of a sheriff, any property of the defendant is removed from the county, the sheriff may pursue and attach the same in another county within twenty four hours after its removal. Mansf. Dig. sec. 326. And we cannot think the law intends that the sheriff's pursuit shall prove fruitless whenever the property, before he reaches it, is seized by another officer, although the latter takes it under an attachment which it will more than satisfy. In such case if the pursuing sheriff cannot make a constructive levy, it is easy to see that the creditor he represents may be placed at such disadvantage as will often result in the loss of his debt.

In a case arising under statutory provisions substantially like those we are considering, the Supreme Court of Missouri has held that " successive writs of attachment in the hands of different officers may be levied on the same goods." *Patterson* v. *Stephenson*, 77 Mo. 329. In that case a constable had levied upon Stephenson's goods under an attachment obtained from a justice of the peace. Subsequently Patterson sued out an attachment in the circuit court, and the sheriff executed it upon the goods, subject to the constable's levy and without disturbing the latter's possession. In adjudging the sheriff's levy to be a valid one, the court said : " On principle and reason the validity of successive levies by the same officers

on the same property is a recognition of the practical fact that there may be, after a taking into the custody of the law the property of the debtor, an effectual imposition of another writ without an actual caption, or a taking away of the property or an appropriation of it for the time being to the attaching creditor's claim. * * * If the rule which prevents one officer from levying on goods seized by another officer, rests mainly on the prevention of conflict of jurisdiction and the interference of one officer with the prior custodianship of another, then * * * I can see no reason for the operation or recognition of the rule, where the second levy does not produce such conflict or interference. For it must be borne in mind that the other requirement of the law, that the levying of an attachment is an actual seizure of the property, is satisfied in the case of successive levies by the same officer, by a constructive application of the succeeding writ to the surplus after satisfying the previous attachment."

A similar view of the doctrine of constructive levies was taken by the Federal court under whose process the levy in question here was made; and the opinion of that court in denying a motion to quash the levy justifies the conclusion that, under the attachment law of this State, it was sufficient to create a lien subject to the prior attachment executed by the sheriff. See *Brooks* v. *Fry*, 45 Fed. Rep. 776.

The decision of the Supreme Court of the United States in *Gumbel* v. *Pitkin*, 124 U. S. 131, is an authority which supports the ruling complained of in the present case, not only on the principle adverted to above, but on an additional ground. In that case the marshal of the Eastern District of Louisiana seized certain goods under a writ of attachment sued out of the circuit court of the United States for that district; and, while he thus held them, the sheriff of the parish in which they were found

attempted to levy upon them an attachment from the district court of the parish against the same defendant. The marshal refused to permit an actual levy by the sheriff, but the latter served notice of seizure upon him. Subsequently the same and other creditors, suing in the Federal court, levied other writs of attachment upon the same goods ; and under the latter writs the goods were sold, the writ under which they were seized by the marshal having been abandoned as illegal. The creditor levying the attachment from the State court intervened in the cause in the Federal circuit court, claiming a lien on the proceeds of the sale prior to that of the other creditors; and the Supreme Court held that the intervener was entitled to the priority claimed. The court said that, the marshal having taken possession under an illegal writ, it was his duty when the sheriff appeared with a lawful writ to surrender possession to him; and that the injury suffered by the intervener in being prevented from making a legal levy, having resulted from an abuse of the Federal court's process, it was the duty of that court, by an exercise of its equitable powers, to give him such priority of lien as the laws of the State respecting attachments permitted, and to award him the position in respect to the property and fund in court which, but for the injustice done him by the conduct of that court's officers and suitors in the abuse of its process, he would have acquired by a legal levy under his attachment. In the second place the Supreme Court held that the practice of permitting a constructive levy by attaching creditors under State process upon property in possession of the marshal, and their intervention in proceedings in the Federal court for the same district, should be sanctioned "where, as between State courts of concurrent jurisdiction, a similar method of acquiring and adjusting conflicting rights is prescribed." And this practice was commended by Judge Matthews as one which

would "promote and secure that comity which ought to prevail" in such cases between the Federal and State tribunals. In accordance with this view, the court said that if the marshal "had acquired and held possession of the attached goods by virtue of a valid writ first levied, the plaintiff in error, by making his constructive levy, subject to the prior right and possession of the marshal, would * * * * * have thereby acquired the right, after establishing his claim by judgment in the State court and presenting proper proof thereof, to appear in the circuit court as an intervener and secure his right to share in the proceeds of the sale of the attached property in his proper order."

In this case the levy of the sheriff was made under a valid writ. But if, as we infer from the record, he seized property the value of which was obviously in excess of the sum required to satisfy the debts and costs to be secured by the levies made prior to the appellees' attachment, then he should have permitted the marshal to levy upon the excess by taking it into his possession. Drake, Att. sec. 201. And if it be conceded that the sheriff's failure to take that course prevented a legal levy by the marshal, it was a wrong to the appellees analogous to that suffered by the appellant in *Gumbel* v. *Pitkin*, 124 U. S. 131; and the remedy resorted to in that case was equally appropriate in this. Whether therefore the intervention of the appellees asserted a legal right or only an equitable one, they were entitled to the relief granted.

Affirmed.