Per Curiam.

The contest, in this case, is for the proceeds of the personal property ; for it was conceded, that the plaintiffs were entitled to the avails of the real estate. We are inclined to the opinion, that, according to the decisions of the court which have followed the rule laid down in the English courts, the plaintiffs’ execution must be considered as dormant, and constructively fraudulent. The evidence warrants the inference, that the plaintiffs issued their execution, not with an absolute intention of collecting their debt, but partly, at least, with a view to cover the property of the debtor, for his use. Having made use of their execution in a manner which the law deems fraudulent *as against other creditors, it was in vain that they told the sheriff, “ by no means to let their execution lose its preference.” The sheriff' has no discretionary power in that respect. The law -determines the preference. (Doty v Turner, 8 Johns. Rep. 20. Storm v. Woods, 11 Johns. Rep. 118.) The plaintiffs, consequently, are entitled to the proceed - of the real estate only, with interest from the 20th of August, 1818, the date of the sheriffs deed to Evertson. (a)
Judgment accordingly.

 Vide Dickenson v. Cook, post, 332, merely leaving property levied upon, in the possession of the defendant in the execution, though with the plaintiffs' consent, is not, per se, fraudulent, either as against subsequent creditors or pur chasers; otherwise, where the sheriff is directed to delay the execution or sale. Kew v. Barber, 3 Cowen, 272. Russell v. Gibbs, 5 Cowen, 390. Power v. Van Buren, 7 Cowen, 560.