Ruffin, Judge.
 

 Although my opinion would have coincided with that of the dissenting Judge, in
 
 Green
 
 v,
 
 Johnson,
 
 and for the reasons given by him, I yet surrender it in deference to the majority of the Court. The rule then established has since been several times acted on
 
 i
 
 and repeated decisions of the Court have an authority, which a Judge has no rightful power to disregard. But I cannot carry the rule further, by
 
 following
 
 out its supposed analogies, so as to work injustice to parties, afford facilities to fraud, encourage delays, and annul other rules, equally well established. Before that case, the law was understood to be, that as against alienations by the debtor himself, a
 
 jl. fa.
 
 bound from the
 
 leste ;
 
 but as between creditors, that first delivered to the Sheriff had the preference, or rather that it created an obligation on the Sheriff to apply the money to it. I admit that it is now altered to this extent: that where the conduct of the parties is fair and
 
 Iona fide,
 
 an execution of elder
 
 teste
 
 is entitled to the preference, and executions of equal
 
 teste
 
 to an equality
 
 x
 
 and the time of the delivery makes no difference, where nothing else
 
 appears.;
 
 provided all were delivered before the return day and before the sale. But this cannot apply to a case, in which the party keeps his writ in his pocket, for the very purpose of preventing its being acted on. Such conduct constitutes a legal fraud ; and he, who is guilty of it, must be postponed to him, who has duly and diligently enforced his judgment by process. I should have thought indeed, that this principle applied to executions of any
 
 teste,
 
 which the creditor failed to deliver to the Sheriff. His negligence merited the loss of his debt, as against ano-,, ther creditor, who, being more vigilant delivers his writ, and takes the risks'of a seizure. Besides the Sheriff has a right t<> some reasonable rule, arising upon the facts within his own knowledge, for the application of the. me-
 
 *357
 
 ney. But certainly
 
 Green
 
 v.
 
 Johnson
 
 altered that in a certain degree 5 and I submit thus far ; but I cannot extend it. It is well settled, that if a Plaintiff deliver his writ to the Sheriff and order him not to proceed, until some other creditor press him, on further execution, when he is to enforce the
 
 lien
 
 created by the first writ, the creditor giving such orders, loses his preference
 
 ipso facto. (Kellogg
 
 v.
 
 Griffin,
 
 17
 
 Johns.
 
 274.) This rule was recognised by this Court in
 
 Carter
 
 v.
 
 Sheriff of Halifax.
 
 (1
 
 Hawks,
 
 483.) For the law does not encourage men to try experiments, how long they may indulge their debtors in safety to themselves, when in so doing they give them a delusive credit, at the expense of others. Fair dealing consists not in keeping incumbrances hanging over a debtors property, of which he is left in possession j but in proceeding at once to the satisfaction of the debt, and leaving the balance unfettered to answer others. Now in every case where the execution is not delivered, this presumption is much stronger than where it is delivered, accompanied by orders not to sell. For it cannot but be, that the suing out the execution is a mere cover to the property, by means of a
 
 lien
 
 not intended to be enforced. There is not the least purpose of obtaining that satisfaction, which is the fruit of the law, and for which the writ is given. This is very different from the case of alienation by the debtor. There indeed the property is bound. (Due v.
 
 Irvine,
 
 2
 
 Hawks,
 
 233;
 
 Gillkey
 
 v.
 
 Dickerson,
 
 3
 
 Hawks,
 
 293.) The reason is, that as to a purchaser, the law says
 
 caveat emptor.
 
 The estate is bound as against the Defendant in the execution,, and so it shall be as against his vendee, because he can sell no more than he has, and every purchaser is presumed to buy on the responsibility of the seller. Biit it is very different with another execution' creditor. He claims against both the Defendant and the prior execution 5 and the law will not endure, that its process shall he defeated by such acts, as inevitably enure chiefly,- if
 
 *358
 
 ,10† entirely, to the advantage of the debtor. If the judg-men^ creditor indulges in such case, he trusts tiie debtor j and he must trust him at his own risk. When other crc-¿¡tors are concerned, delay tends to deceive and embarrass them, by protecting the property for the Defendant’s use.
 

 The fact that
 
 Palmer
 
 & Co.’s execution purports on its face to be an
 
 alias
 
 makes no difference. It would, if the first had been
 
 Iona fide
 
 acted on ,• for if the party does all he can, issues his execution, but cannot find property to seize or bidders to buy, he is not to blame. In that case, all the subsequent writs relate to the first. Such iiave been the facts in all the cases heretofore in this Court. If in any of them it had appeared, that the original or any intermediate execution had not been delivered, the
 
 lien
 
 would not have been carried back beyond that one, on which the party last proceeded. In plain terms, priority of judgment or execution shall give no preference, where the Plaintiff takes no steps effectually to enforce them, or after issuing execution, arrests by his own act the progress of the Sheriff in the discharge of his duty.
 
 Palmer
 
 &
 
 Co.
 
 are therefore only entitled to a
 
 pro rata
 
 application of the money.
 

 The case is decided entirely on the return of the Sheriff ; for he makes it at his peril, and if false we do not intend to preclude the parties from their redress. But if we felt at liberty to look into affidavits, our views of the law would only be sustained by the facts disclosed in this case. The Plaintiff’s attorney explicitly states, that the agreement between him and
 
 Harvey
 
 was, that he might take out execution, but not serve it before the next Court. What is this but a bargain between the debtor and creditor, to
 
 create
 
 a
 
 lien,
 
 but
 
 not
 
 to
 
 use
 
 it. This would suit
 
 Harvey,
 
 if it remained so forever. He keeps the undisturbed possession, and has the full enjoyment of liis property* If this were permitted, undue preferences would be constantly given, for the sake of the debtor’s
 
 *359
 
 'ease, and just creditors defeated. Retaining the tion is conclusive of the intent; and the evidence here expressly shows, that the general inference of law is in this case justified by the fact.
 

 Per Curiam. — Let the judgment below be affirmed.