Ross *v.* Weber et al.

WILLIAM P. ROSS, Plaintiff in Error, *v.* JOHN H. WEBER, and JAMES C. ALLEN, Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

If a judgment creditor enters into an agreement to stay his execution, it becomes dormant as to other parties, and he loses any lien made by a levy under it.

An officer who should refuse to proceed upon a second execution, where the first had been stayed by an agreement between the parties to it, would be liable for a false return.

A party who sues a sheriff for a false return, and upon a recovery enters a remittitur for a part, will suffer; he must not divide his demand; he cannot recover first from the sheriff, and then from other parties, who held the effects of the debtor under an agreement to divide the proceeds of them among his creditors.

THIS action was assumpsit, in the Superior Court of Chicago.

The declaration of the plaintiff below, who is also plaintiff in error, was the single count for money had and received, with a bill of particulars, claiming that the sheriff of Cook county paid to the defendants the proceeds of the goods of one McKinlay, which he should have paid to plaintiff.

Plea, non assumpsit, with notice of former verdict against the sheriff for the same money, which verdict the plaintiff remitted.

Verdict and judgment for defendants.

The bill of exceptions shows that the defendants had a judgment and execution from the Cook County Court of Common Pleas, which execution the sheriff of said county levied on the goods of one McKinlay, on the 20th day of December, A. D. 1857, and sold the said goods under said execution on the 16th day of August, A. D. 1858. The execution was dated September 24th, 1857.

The sheriff paid over to the defendants, of the proceeds of said goods, $212.49, the sum now in dispute.

The plaintiff obtained a judgment in the Circuit Court of Cook county on the 19th day of March, A. D. 1858, against said McKinlay, and on the same day issued execution and placed it in the sheriff's hands. The sheriff returned the same *nulla bona.* Return is dated June 17th, 1858.

On the 3rd day of October, A. D. 1857, the creditors of said McKinlay, including said defendants, but not including the said plaintiff, made an agreement of compromise with said McKinlay by which he agreed to " remain a resident of, and carry on business in the city of Chicago during the " space of six months then next following, and declaring that " unless he so does, this agreement shall be utterly void," and by which his creditors agreed to accept of him, to be paid within six months, fifty cents upon the dollar for his debts to them in full satisfaction, and agreeing not to sue him, or take out execution against him, during said six months, for anything then owing to them, and that " any execution already issued for the collection of any debt or other demand be immediately stayed, and no further proceedings shall be had or taken thereon."

The testimony of *Thomas J. Holt,* deputy sheriff, shows that he was the deputy who had both of said executions to execute; that a conversation between the attorneys of the plaintiff and defendants occurred, before the sale, in his presence, in which each claimed that the proceeds of the goods of McKinlay should be applied to their respective executions, and that he paid over to defendants under an indemnity; that plaintiff's attorney claimed in that conversation that defendant's execution was dormant; he did not know when the plaintiff's execution was returned, but the practice was to return them to the clerk of the sheriff on the Sunday after they had run out, but date the return back so as to appear to be at the return day.

An execution was in evidence from the Circuit Court in favor of one Bolton against the said McKinlay, dated December 8th, 1857, and levied upon the same goods on the 20th of December, 1857, which was stayed by the order of court, which was marked filed by the clerk of the Circuit Court, September 25th, 1858.

*Timothy M. Bradley,* sheriff's clerk, testified that the Bolton execution was carried up to the office of the clerk of the Circuit Court, from the sheriff's office, on the 25th day of September, 1858.

An agreement was in evidence between McKinlay and his creditors, dated October 3rd, 1857, to which defendants were parties, but plaintiff was not, that an assignment of his property,

made by McKinlay to plaintiff, should be canceled, and the property pass again into the possession and control of McKinlay ; that before the commencement of this suit, the plaintiff sued the sheriff for a false return of his execution, and obtained a verdict for $660.16, of which the sum now in controversy formed a part ; and that the sheriff moved for a new trial, which the court ordered should be granted unless the plaintiff would remit the sum in controversy, which plaintiff did, and took a judgment against the sheriff for the residue.

The court, HIGGINS, Judge, presiding, decided that the defendants were entitled to a verdict. The court, in assigning reasons for this opinion, stated that he regarded the former recovery of the whole sum by the plaintiff, of the sheriff, and a voluntary remittitur of the sum in controversy from the verdict rendered in that case and taking a judgment for the balance, as a merger and extinguishment of the plaintiff's claim, and he could not thus split up a cause of action ; especially where he had recovered the whole sum from the sheriff, there could be no pretense of his right to recover again from the defendants ; and that the plaintiff could not by his remittitur give himself a right of action for the points which he had voluntarily surrendered. Besides, the court doubted whether the necessary privity had been shown between the plaintiff and defendants. Believing that the defendants were entitled to a verdict, the court did not deem it necessary to pass upon all the facts which had been proved by the defense, and rendered a verdict in favor of said defendants; to which decision of the court the plaintiff then and there excepted, and then and there moved for a new trial in the cause, on the ground that the court erred in law in deciding the said cause, which motion the court then and there overruled, to which last decision of the court the plaintiff also then and there excepted.

The plaintiff brings the cause to this court by writ of error, and assigns for error, that the court erred in finding a verdict for defendants ; in denying plaintiff's motion for a new trial ; and in giving judgment for defendants instead of for the plaintiff.

JOSEPH E. GARY, for Plaintiff in Error.

W. A. PORTER, for Defendants in Error.

WALKER, J. That the defendants in error by their agreement with McKinlay to stay their execution, lost all right as between the parties to that agreement, to proceed for its collection, is certainly true. And by entering into a valid and binding contract for the stay of execution, it became dormant as to other

judgment creditors. A party having a judgment or execution which is a lien on property, has no legal right to extend the time for its collection, to the injury of other creditors. A judgment creditor so situated has no right to place himself in a position that he cannot proceed for its collection, and at the same time hold his lien so as to prevent others from proceeding to satisfaction. If no agreement were made, it would be otherwise.

In this case both executions being in the hands of the officer at the same time, they were both liens on the property in the order in which they were issued ; and there can be no question, that if defendants in error had released their levy, or had their execution returned, that then plaintiff's execution would have held the property, and he would have been entitled to the money. And it is equally clear, that the agreement to stay this execution by defendants in error, had the same effect as a return of the execution or a release of the levy. It then became the duty of the sheriff to levy and sell the property on the plaintiff's execution, it then being in his hands, and failing to do so, he became liable to respond in damages for a neglect of duty, in an action for a false return ; and this is especially so, from the fact, that the deputy sheriff states that he had notice of plaintiff's claim, and as he took the precaution to have an indemnifying bond, before he paid over the money, we may fairly infer that he had notice of the grounds of his claim.

The question is then presented whether the plaintiff after recovering his judgment against the sheriff for a false return, by entering a remittitur barred himself of the right to again recover the sum so remitted. The plaintiff had no right when he had recovered the full amount of an entire sum, to remit a portion of it, and again recover it, of the same or another defendant. The question here presented is not, whether the plaintiff in the first place had the right to sue defendants for money had and received to their use, but having a complete remedy against the sheriff, and having elected to persue it, and having sued and recovered, he had no right to withdraw his election and resort to an action against the defendants. Having recovered an entire demand he could not split it, by entering the remittitur. We are for these reasons of the opinion that there is no error in this record, and that the judgment of the court below must be affirmed.

*Judgment affirmed.*