DAVID A. GILMORE

*v.*

JOSEPH A. DAVIS.

1. EXECUTION—*plaintiff can not extend time on, to the injury of other creditors.* A party, having an execution which is a lien on property, has no legal right to extend the time for its collection, to the injury of other creditors.

2. SAME—*effect of instructing officer not to proceed with.* A delivery of an execution to an officer, instructing him, at the same time, to do nothing under it, is really no delivery, and confers no rights upon the creditor.

3. If the plaintiff in an execution instructs the sheriff to make no levy until he gives him further orders, or until another day, it follows, if, in the meantime, an execution comes to the hands of an officer with instructions to proceed, and he actually does proceed and make a levy, taking the property into his possession, the second execution is, and should be deemed first in order, and the same is the rule if the direction is, not to proceed to a levy unless urged by junior executions.

APPEAL from the Circuit Court of Montgomery county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. A. N. KINGSBURY, and Mr. E. LANE, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin, in the Montgomery circuit court, by David A. Gilmore, plaintiff, and against Joseph A. Davis, defendant, the former being a constable, and the last named the sheriff of that county, to recover the possession of certain goods and chattels which the constable claimed by virtue of certain executions in his hands, issued on justice's judgment, against one Shimer, and by a levy on and removal of the goods. The sheriff claims under an execution of older date, but not actually levied until the constable had taken them in execution.

The facts show that appellant levied the executions he had, in the morning of November 26, 1875, and removed the goods from the store-room to an upper room, and locked the door.

He had the store locked up and the levy completed by 10 o'clock in the morning of November 26. Returning to the store after dinner the same day, he found the sheriff and others striking at the back door, and, to prevent them from breaking it open, he let them in. At that time, there were none of the goods belonging to the defendant in the execution in the store, but some wall-paper, and some articles under mortgage. The constable showed the deputy sheriff the goods he had levied on, and had the key of the room in which they were. That night, the deputy sheriff obtained access to this room, through the transom over the door, and took all the goods out of the room to another building. The next morning, this writ of replevin was sued out. The return and inventory made by the constable show the goods.

The claim of the sheriff, appellee herein, is, that the execution he held had been issued in October, a month prior to the date of the other executions in the constable's hands. His deputy, McDavid, testified he was, in October and November, acting as deputy sheriff, and, having an execution in October against Shimer, he called upon him in that month to make a levy. It was then arranged between him and the plaintiff's attorney that there would be no levy until morning. The next day, one Wool went into the store, and the attorney of the plaintiff told the deputy to hold the execution until further orders. He was to hold the execution for the present, and make no levy, but was instructed by the attorney, if the execution was not paid before it expired, he was to make a levy; and, between 11 and 12 o'clock of November 26, he was directed to make a levy, which the officer did in the manner stated.

It was also in evidence, by the plaintiff in the execution held by the sheriff, that, at the time the first levy was about to be made, he went to get a room to put the goods in; that Shimer, the defendant in the execution, proposed to plaintiff that he (plaintiff) should have some one to stay in the store and take the proceeds of the sale of the woolen goods, and credit the amount on the execution. The plaintiff, in response,

proposed, if defendant would let Wool go into the store and take the proceeds of the sale of the woolen goods, and give them to him, he would not take the goods out of the store. Shimer offered to turn out to plaintiff woolen goods to the amount of his claim. This, plaintiff declined. He further said the execution was to be held. He put the proceeds of the sale of the woolen goods sold by Wool, amounting to about six hundred dollars, into the hands of the plaintiff in the execution.

The question is, did this conduct on the part of the plaintiff in execution, and the instructions of his attorney to the sheriff to hold on and not make a levy, have the effect to postpone the execution in his hands and give priority to those in the hands of the constable and actually levied on the property? We think they did. By these arrangements and instructions, the execution in the sheriff's hands become dormant, and the plaintiff therein would have lost his lien, even if a levy had been made under it, as this court held in *Ross* v. *Weber et al.* 26 Ill. 221. It was there said, a party, having an execution which is a lien on property, has no legal right to extend the time for its collection, to the injury of other creditors.

We believe the doctrine to be, as the object of an execution is to obtain satisfaction of the judgment on which it issues, on its delivery to the proper officer, it gives to the creditor a priority, because the law imposes the duty upon the officer to execute it without delay. Any act of the creditor, therefore, diverting the execution from this purpose, renders it inoperative against other creditors, and clothes them with priority. A delivery of such a writ to a sheriff, instructing him, at the same time, to do nothing under it, is really no delivery, and confers no rights upon the creditor. If a plaintiff in execution instructs the sheriff to make no levy until he gives him further orders, or until another day, it follows, if, in the meantime, an execution comes to the hands of an officer, with instructions to proceed, and he actually does proceed and make a levy, taking the property into his possession, this second execution is, and should be deemed first in order; and the

same is the rule if the direction is, not to proceed to a levy unless urged by junior executions.

. In *Kempland* v. *McAuley*, Peake's N. P. 66, where the plaintiff's attorney had written the sheriff's officer directing him not to levy a writ of execution until a future day, Lord KENYON said, in such a case, the sheriff might execute another writ coming to him in the meantime, for the sheriff was not to keep the first writ hanging over the heads of other creditors, but ought to levy under the last execution as if no other had ever been delivered to him.

*Hurst* v. *Hooper et al.* 12 Meeson and Welsby, 670, is to the same effect, and quite analogous to the case before us; and so are some American cases cited by appellant. *Wise* v. *Darby*, 9 Mo. 131.

. In *Berry* v. *Smith*, 3 Washington's C. C. Rep. 60, Mr. Justice WASHINGTON said, if an execution is delivered to an officer, with orders not to levy it at all, or until further orders, the purpose of the delivery is not answered, and all the legal consequences of the measure in respect to creditors and purchasers, who would otherwise have been affected by it, are defeated, and that no distinction is made between a suspension for one day, or one or more months. The order of suspension deprives the act of the officer, in pursuance of it, of all its force and effect until it is restored by a countermand, and if, in the meantime, a second execution is taken out and levied, the former must be postponed.

These cases are in harmony with *Ross* v. *Weber*, in this court, *supra.*

For the reasons given, the judgment of the circuit court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*