Koren v. Roemheld.

---

HANS J. KOREN

v.

JULIUS ROEMHELD.

1. EXECUTION.—The office of an execution is not to secure but to enforce payment of a debt, and an attempt to make use of it for purposes of security merely, postpones it to other executions subsequently issued. So, if a plaintiff delivers an execution to the sheriff with directions to hold until further orders, it creates no lien on the defendant's property as against a subsequent execution.

2. DUTY OF SHERIFF TO LEVY UNLESS ORDERED TO HOLD.—It is the

duty of the sheriff to obey the mandate of the writ unless he receives express directions not to do so. A mere statement by the party delivering the execution, in reply to the question "what he wanted done with it ?" "Nothing that I know of" is not a sufficient direction to warrant the sheriff in holding the execution, and failing to make a levy according to the mandate of the writ.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed April 27, 1880.

Mr. F. S. BAIRD, for appellants; as to the rule of refreshing a witness' recollection by reference to a memorandum, cited Elston v. Kennicott, 46 Ill. 187; Seaverns v. Tribby, 48 Ill. 195.

The plaintiff has full control of the execution, and only his instructions clearly expressed can be allowed to affect it: Thorp v. Fowler, 5 Cow. 446; Reddick v. Cloud, 2 Gilm. 670; Morgan v. The People, 59 Ill. 60.

Mr. WILLIAM H. KING and Mr. F. W. PACKARD, for appellee; that where the bill of exceptions fails to state that it contains all the evidence, the court will not examine it, cited Ballance v. Leonard, 37 Ill. 43; Peoria, etc., R. R. Co. v. McIntyre, 39 Ill. 298; Ill. Cent. R. R. Co. v. Garish, 39 Ill. 370; Miner v. Phillips, 42 Ill. 123; Gardner v. Haynie, 42 Ill. 291; McPherson v. Nelson, 44 Ill. 124; Gallagher v. Brandt, 52 Ill. 80; Corbus v. Teed, 69 Ill. 208; Stack v. The People, 80 Ill. 33.

An order to stay execution postpones it to the lien of a subsequent writ: Gilmore v. Davis, 84 Ill. 487; Ross v. Weber, 26 Ill. 221; Kempland v. Macauley, Peake's Nisi Prius, 66; Hunt v. Hooper, 12 Mees. & W. 664; Berry v. Smith, 3 Wash. C. C. 63; Wise v. Darby, 9 Mo. 130.

The acts of the attorney are the acts of the client: Smyth v. Harvie, 31 Ill. 62; Yates v. Monroe, 13 Ill. 219.

BAILEY, P. J. This is a controversy between the plaintiffs in two several executions against the same defendant, over the application of certain moneys, arising from a sale by the sheriff of personal property under said executions, said moneys

Koren v. Roemheld.

being insufficient to satisfy either execution in full.   It is not disputed that the execution in favor of the appellant came into the hands of the sheriff before the delivery to him of the execution in favor of the appellee.   It is insisted, however, that the appellant, at the time of the delivery of his execution to the sheriff, instructed him to do nothing under it until further orders, and that thereby said execution became dormant, and so remained until after the delivery to the sheriff of appellee's execution.   The question of priority thus presented was decided by the court below in favor of the appellee, and the proceeds of the sale were ordered to be applied to the satisfaction of his execution.

It is a well settled principle of law, that the office of an execution is, not to secure, but to enforce payment of a debt, and consequently an attempt to make use of it for purposes of security merely, is a perversion of the writ, and postpones it to other executions subsequently issued.   Hence, if a plaintiff delivers an execution to the sheriff with a direction not to levy at all, or until further orders, or to levy and hold without sale, it creates no lien on the defendant's personal property as against a creditor issuing and proceeding with a subsequent execution.   Corlies v. Stanbridge, 5 Rawle, 286; Stern's Appeal, 64 Penn. St. 447; Commonwealth v. Stremback, 3 Rawle, 341; Kellogg v. Griffin, 17 John. 274; Shinn v. Homes, 25 Penn. Stat. 145; Brown's Appeal, 26 Id. 490; Gilmore v. Davis, 84 Ill. 487; Ross v. Weber et al. 26 Id. 221.

It is the duty of the sheriff, however, to obey the mandate of his writ by collecting the amount of the judgment, unless he receives express directions from the plaintiff to the contrary. A mere failure or refusal on the part of the plaintiff to give directions as to the time or manner of executing the writ, does not constitute such interference with its execution as will have the effect of rendering it dormant.   To produce that result, the plaintiff should give some direction or command which is inconsistent with the mandate of the writ, and which it would be a breach of duty on the part of the sheriff to disobey.   The plaintiff is not obliged, in order to preserve the lien of his execution, to advise or direct the sheriff what to do

or how to proceed, even though applied to by the sheriff for that purpose. He is only obliged to avoid such interference with the officer as would render it improper for the latter to enforce immediate payment.

The execution in this case in favor of the appellant was delivered by Martin Beem, an attorney-at-law, to Edward J. Rogerson, the execution clerk in the office of the sheriff of Cook county, and our decision must rest upon the evidence of what took place between them at the time of such delivery.

Some question is made as to whether said Beem was in fact the attorney for the appellant, or authorized on his behalf to give to the sheriff any directions as to the execution, it being claimed by the appellant that said Beem was not his attorney in the case, but was merely employed by his attorney to deliver the execution to the sheriff, and that he had no authority in the premises beyond merely making such delivery. The evidence upon this question is not altogether clear or satisfactory, but without definitely deciding it, we are disposed to view the case as though the authority of Beem to act for the appellant was sufficiently shown.

The decision of the case must turn upon the testimony of Rogerson and Beem as to what took place at the time of the delivery of the execution. The evidence of both was first submitted in the form of affidavits, and afterwards both were produced as witnesses and examined orally. Rogerson in his affidavit states in terms that at the time of the delivery to him of the execution, the party delivering it gave instructions not to proceed, or to hold it until further orders, and that he thereupon marked on it the letters " H. F. O." which mean "hold for orders. On his oral examination, however, his actual recollection of the circumstances of the delivery is shown to be very indistinct and unsatisfactory. He is unable to identify the person who made the delivery, or to recall the particular occasion, or to state even the substance of what was said. He seems, however, to infer from the fact that the letters "H. F. O." appeared indorsed upon the writ, and the further fact that it was the practice of the office to make such indorsement in cases where directions were given to hold an execution for fur-

Koren v. Roemheld.

ther orders, that such direction must have been given in this case.

Said Beem, on the other hand, both in his affidavit and in his oral testimony, states in substance that when he delivered the execution to Rogerson, the latter asked him what he wanted done with it, to which inquiry he replied, "Nothing that I know of at present." He further states that at the time he knew nothing about the case, or as to the wishes of the plaintiff in regard to the execution, and gave said answer for that reason.

While the testimony of these two witnesses is conflicting, we think the greater credit is manifestly due to that of Beem, for the reason that his recollection of the occurrence seems to be clear, distinct and positive, while that of Rogerson is confessedly uncertain and indistinct; and his statements seem to be largely matters of inference from the indorsement which he finds on the execution, rather than from any present recollection of the event itself. It is not surprising that he should be unable to call to mind and distinguish this from the great number of other similar occurrences taking place in the course of his official business. We must assume, then, that the account of the transaction given by Beem is the true one, and it only remains to be considered whether the words used by him in his reply to the question put to him by Rogerson, amounted to a direction to hold the execution without service for further orders.

We are of the opinion that these words did not amount to a direction to hold the execution, or to forbear serving it, until further orders. They are to be regarded rather as a statement by Beem of his ignorance of any specific steps to be taken by way of executing the writ. They were not words volunteered by Beem, but merely used in reply to an inquiry as to what was to be done. The sheriff's clerk by his question sought information, and Beem by his answer signified his inability to give it. The answer, instead of constituting an express direction not to levy, was more in the nature of a refusal to give any directions whatever. Had the sheriff, notwithstanding such answer, proceeded at once to levy the execution, it can hardly be said that he would thereby have violated any express

direction of the plaintiff, or been guilty of any breach of his duty in the premises. We see no ground, then, for holding that the lien of appellant's execution was suspended, or that such execution was dormant.

Under the evidence, as it appears in the record, the sheriff should have been ordered to apply the moneys in his hands to the execution in favor of appellant, and the order to apply them to the execution in favor of the appellee, is erroneous. The judgment will therefore be reversed and the cause re-manded.

Judgment reversed.