## HOWES v. CAMERON.

*(Circuit Court, N. D. Illinois.  December Term, 1883.)*

JUDGMENT—EXECUTION TO PRESERVE LIEN—REV. ST. ILL. CH. 77, § 1.

    An execution is not "issued," within the meaning of section 1 of Chapter 77 of the Revised Statutes of Illinois, so as to keep the lien of a judgment on real estate alive unless it is delivered to an officer authorized to execute it, and for the purpose of having it executed.  The handing of an execution to a United States deputy marshal with the express direction not to execute it until further instructions, and giving no such instructions during the life-time of the writ, will not preserve the lien.

At Law.

*John I. Bennett,* for Howes.

*Rosenthal & Pence,* for Gilmore and others.

BLODGETT, J., *(orally.)*    This is a petition to set aside a levy made under an execution issued in this case by the marshal of this district. The plaintiff, Howes, recovered against the defendant on the ninth of July, 1877, a judgment in this court for $1,978.50.    On December 26, 1877, a few months after the recovery of this judgment, as will be noticed, the defendant Cameron acquired title to lot 10, in block 22, in Duncan's addition to the city of Chicago, by deed of conveyance.    On the second day of December, 1878, the defendant and her husband sold and conveyed by deed, in good faith, to Jesse L. Nason, the N. ½ of this lot, and on the twenty-second of April, 1879, the latter conveyed to Carry O. Nason; October 1, 1879, Carry O. Nason conveyed to one Erickson; October 1, 1879, the latter conveyed to Melcher, and on the twenty-fourth of April, 1883, Melcher conveyed to the petitioner; so that the petitioner is now seized of the N. ½ of lot 10, block 22, by a series of mesne conveyances from Cameron.    On the ninth of January, 1878, an execution was made out by the clerk of this court and delivered to a clerk of the plaintiff's attorney, which was subsequently returned to the clerk's office and a memorandum made on the execution docket that said writ had not been delivered to the marshal.    On December 13, 1878, another execution was made out by the clerk, but not delivered to the marshal, and on the seventh of February, 1884, an execution was issued on this judgment and levied on the petitioner's lot.    The petitioner asks that the levy under this execution be set aside, on the ground that she is a *bona fide* purchaser of the property after the lien of the judgment had expired, and that her property ought not to be sold, or her title clouded by this levy, or sale under it.

It appears from an affidavit of Frank I. Bennett, who was the clerk of Mr. John I. Bennett, the plaintiff's attorney in the recovery of this judgment, and the issue of this execution, that the execution of January 9, 1878, was taken by him from the clerk's office and handed to one of the United States deputy-marshals, who asked what he

wished done with it; to which Bennett replied he would have to see the attorney and get instructions, and requested the deputy to hold said writ until such instructions should be given; whereupon, as the witness states, said deputy, in accordance with his request, placed said writ away in his office to await further instructions. No instructions were given, and no memorandum or entry was made by the marshal on the writ or elsewhere showing the writ had been in his hands, and after the expiration of 90 days from the date, it was taken from the deputy and returned to the clerk's office, who filed it as of the day it was returned, and the clerk at the same time made an entry on the execution docket in this case that the execution in question had not been delivered to the marshal.

The second execution was merely made out by the clerk and handed to the attorney, who kept it in his office until the expiration of 90 days from the date, when he returned it to the clerk, who marked it filed, and also made a memorandum on the execution docket that it had not been delivered to the marshal.

Section 1 of chapter 77 of the Revised Statutes of Illinois provides that a judgment shall be a lien on the real estate of the person against whom it is issued for the term of seven years from the time it is rendered, and no longer, but when an execution is not issued on such judgment within one year from the time the same becomes a lien the judgment shall thereafter cease to be a lien. The only question is, was an execution issued on this judgment within a year from the time the judgment was rendered?

It is very clear to me that an execution is not issued, within the meaning of this statute, unless it is delivered to an officer authorized to execute it, and for the purpose of having it executed. The handing of this execution to a deputy-marshal with the express direction not to execute it until further instruction, and giving no instruction to execute it during the life-time of the writ, is not such a delivery of the writ to the officer as preserves the lien. For all the purposes of preserving the lien, the writ might as well have never been made out by the clerk. It lay inert and dead by direction of the plaintiff's attorney, and placing it in the hands of a person who happened to be a deputy-marshal with directions not to do anything with it, does not make it any better than if it had been left in the desk of the clerk or attorney, because the vitality of the writ is suspended by express direction of the plaintiff's attorney. That the deputy-marshal understood the writ was not to be executed, is, it seems to me, conclusively shown by the fact that no indorsement was made on the writ, as required by law, of the time he received it; and it is hardly possible the clerk would have made an entry to the effect the writ was not delivered to the marshal if he had not been so informed by the attorney's clerk when the writ was taken back to the clerk's office.

The supreme court in *Gilmore* v. *Davis*, 84 Ill. 487, says: "A delivery of such a writ to a sheriff, instructing him at the same time to

do nothing under it, is really no delivery, and confers no rights on the creditor." It is true, the case I have cited was not expressly a case like this, where a continuation of a lien by the issue of an execution was involved. That was a case between contending executions, and it was held that the delivery of a writ to a sheriff, with instructions not to execute it, was equivalent to no delivery at all. See, also, *Berry* v. *Smith*, 3 Wash. C. C. 60.

The case, therefore, seems to me to stand precisely the same as if no execution had been issued on the judgment until after the expiration of a year, and the lien of the judgment had ceased at the time the defendant conveyed the property in question to Jesse L. Nason, from whom the petitioner acquires title by mesne conveyances. At the time the petitioner acquired title, the record in this case showed that the execution had never been delivered to the marshal, and justified the purchaser from the defendant in assuming that the judgment had ceased to be a lien upon this property at the end of the year from the time the judgment was rendered. I am therefore of the opinion that the plaintiff has no right to levy an execution on petitioner's property. An order will be entered setting aside the levy under the execution upon the N. $\frac{1}{2}$ of lot 10, in block 22. The execution will not be quashed because, possibly, it may reach other property.