### CHILDS v. LATHAM et al.

*(Supreme Court, General Term, First Department. May 15, 1891.)*

INSOLVENCY—PREFERENCES—JUDGMENT.

    A debtor may give his creditor a judgment, though it is for the purpose of enabling such creditor to obtain a preference over other creditors.

Appeal from special term, New York county.

Action by Daniel B. Childs, receiver, etc., against Edward T. Latham and others. There was a judgment awarding priority of lien to defendant Latham, and defendants Wernberg and others appeal. For former report, see 9 N. Y. Supp. 619.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Blumenstiel & Hirsch*, for appellants Wernberg *et al.*   *Olcott, Mestre & Gonzalez*, for defendant Latham.   *Herbert G. Hall*, for respondent, Daniel B. Childs.

LAWRENCE, J.   The plaintiff in this action, who was appointed receiver in an action brought by Oelberman and another to set aside an assignment for the benefit of creditors made by the defendants Chester M. and Charles E. Foster to the defendant Burnap, brings this action, praying for a judgment or decree and direction of the court settling and determining the different priorities between the other defendants, who are judgment creditors of the assignors, and who have respectively obtained judgments setting aside the said assignment as fraudulent and void as against creditors.   The action has been twice tried; and on the first trial it was decided that the defendant Latham was entitled to a priority, but a new trial was ordered on the ground that certain evidence had been improperly excluded.   Upon the second trial, before Mr. Justice ANDREWS, it was again decided that the defendant Latham had a lien on the property in the hands of the plaintiff to the amount of his judgment, and that such lien was superior to any lien of the defendants Wernberg, Simon, Mayer, Henry, Dawson, Corey, or Laycock, and also that the suit of Latham against Burnap was duly and diligently prosecuted.   The learned justice who presided at the second trial reached the same conclusion that was found upon the first trial; stating in his opinion that he "fully agreed with the counsel for Wernberg and others that the case is a very hard one for their clients and for themselves, but that the weight to be given to that fact, as well as to the other facts, and to the arguments upon the merits which were presented upon the former trial, and have been again presented upon this trial, must be determined, if at all, by the appellate court; for it is my plain duty to follow the decision of Mr. Justice PATTERSON."   The appellants contend that the suit brought by Latham was collusively and fraudulently brought, and have referred to the dates at which the judgment in that action was obtained, the execution issued and returned, and the creditor's suit commenced by him, comparing them with the dates of the various proceedings brought by the defendants Henry & Co. and others, for the purpose of showing that undue advantage was given by the assignee and the defendants Foster to Latham to enable him to obtain a priority over Henry & Co.; and, while it is admitted that the execution in the case of Latham was issued prior to the executions in favor of the other defendants other than the assignor, it is claimed that Latham purposely allowed the proceedings in his action to remain dormant until it was ascertained that Henry & Co. by their diligence were likely to obtain priority over him, when he entered into an agreement that his suit to set aside the assignment should abide the result of that which was brought for Oelberman & Co. to accomplish the same purpose.

Our examination of the case upon this appeal satisfies us that the counsel for appellants have wholly failed to establish that there was any collusion between Latham, the Fosters, and their assignee.   The action of Latham to set aside the assignment was commenced prior to the suit of the appellants for the same purpose, and Burnap was appointed receiver in that action *pendente lite*, upon his giving a bond as such receiver for $100,000.   Having thus secured the property for the benefit of all the creditors who might be entitled to share therein, there is nothing to show that the subsequent alleged inaction on the part of Latham was the result of any wrongful or improper agreement or understanding between him and the assignors or assignee.   It is quite true that, if such an agreement was substantiated by the evidence, it might be held, in analogy to the principles applicable to dormant executions at law, that Latham had lost his lien.   *Storm* v. *Waddell*, 2 Sandf. Ch. 494; *Smith* v. *Erwin*, 77 N. Y. 466; *Russell* v. *Gibbs*, 5 Cow. 390; *Kellogg* v. *Grif-*

*fin,* 17 Johns. 274. In order to entitle the plaintiff in such cases to contend successfully that an execution has become dormant or fraudulent as to subsequent execution, it is necessary to show more than mere indulgence on the part of the plaintiff. *Russell* v. *Gibbs,* 5 Cow. 390; *Boardman* v. *Railroad Co.,* 84 N. Y. 182, 183. It is well settled that a debtor has a right to give his creditor a judgment even for the purpose of enabling such creditor to obtain a preference over another; and every fact or circumstance which appears in evidence in this case tending to show that Latham was at all expedited in his proceedings by the assignors or the assignee is perfectly explainable upon the ground that the debtor was only exercising that legal right. No express agreement between the parties is shown, and the inference which is sought to be drawn from the rapidity with which a portion of the proceedings on the part of Latham were conducted,—that the same were fraudulent,—we think is not warranted by the evidence. The learned justice from whose judgment this appeal is taken has expressly found that the defendant Latham was not guilty of any laches in the prosecution of the suit of *Latham* v. *Burnap,* that the action brought by said Latham to set aside the assignment was duly commenced, and that the order appointing the receiver was duly made, and that the rights and liens of the defendant Latham were vested before the commencement of any other action by any other defendant to set aside said assignment. He has also found that the suit of *Latham* v. *Burnap* was not .instituted under any collusive agreement or plan on the part of Latham or John Munroe & Co., or of any one else, of not proceeding with the. trial of the same until after the trial of the actions brought by the defendants constituting the firm of Henry & Co., or any of the other defendants; so that, in the event that such actions brought by said other defendants should not be successful, the action brought on behalf of the said Latham would then be discontinued, and said Munroe & Co. would claim the payment of that portion of their debt, and demand a preference under said general assignment as preference therein directed to be paid. In these findings of the learned justice we fully concur; and, as we fail to see that the firm of Henry & Co. have made out as against Latham any case which under well-established principles would permit them to claim that Latham has been guilty of laches which would justify them in invoking the doctrine in relation to dormant executions, so elaborately discussed in the brief of appellants' counsel, notwithstanding the apparent hardship of the case, we feel constrained to affirm the judgment of the court below, with costs and disbursements to the respondents. All concur.